Ejectment of 20 acres of land in Groyned township.
This was a mere dispute about boundaries, and involved the title of about 3^ acres of land.
A contest arose, whether the deposition of one Patrick Menon, now dead, should be read in evidence by the plaintiff It appeared that the controversy had been submitted by the parties to arbitrators, about five years before, and that they had entered into arbitration bonds. The affidavit of Menon was produced to those arbitrators on the part of the plaintiff, tending to shew, that near 50 years before, he had run the *400 line contended for by the plaintiff, between the then owners of the land, with their consent, and had set up stakes to ascertain it, which continued standing 27 years afterwards. The arbitrators desired the personal attendance of Menon before them, and when he was brought before them he deposed the same matters, and confirmed his former deposition in all its parts in the presence of the parties.
Messrs. Rawle and Bankson, pro quer.
Messrs. Wilcocks and C. Smith, pro def.
The court were of opinion the deposition should be read to the jury. It contains what was attested by a witness, who is since dead, between the present parties, on the same question, before judges of their own choosing. Menon recognized the facts in his former deposition by his personal oath. It is certainly much stronger evidence than hearsay, which has frequently been received to establish boundary.
The court would not permit the deposition of one John Roberts, taken under a rule of court, to be carried out by the jury, unless by the consent of the adverse counsel. They said it had been frequently so ordered.
Witnesses are not allowed to go out with the jury on their leaving the bar, and why should depositions be treated differently? The party who has most depositions would, under a contrary practice, acquire an undue advantage.
Verdict pro quer.