# Kerns *against* Swope.

The vague reports of strangers, or information given by a person not interested, respecting a defect of title to land, will not have the effect of notice to the purchaser.

A registration, without the authority of the law is the unofficial act of the officer, which gives the copy no greater validity, than the original deprived of legal evidence of execution.

To supply the place of a lost deed, before a copy can go to the jury, it must be proved to be such by one who compared it with the original ; and it is then inadmissible if there be a counterpart.

ERROR to *Bedford* county common pleas.

This was an action of ejectment by Abraham Kerns against Peter Swope and John King, in which, to maintain the issue on the part of the defendant, there was offered in evidence an exemplification of a deed from Joseph Wharton to the Bank of North America, taken from

the records of Huntingdon county, together with a memorandum or agreement written at the bottom of the deed, purporting to have been signed by Joseph Wharton, and which was written under the acknowledgement, in these words :—

"Memorandum. It is mutually covenanted and agreed by and between the parties to these presents, prior to the execution thereof, that this conveyance is made and executed in trust, to sell the land therein mentioned, and apply the proceeds thereof in payment of a judgment which the bank has obtained against the said Joseph Wharton, for 649 dollars and 73 cents, with interest from the 4th day of March last; after payment of which, the residue, if any, to be paid to the said Joseph Wharton. It is also understood, that only sixteen thousand acres, or thereabouts, have been actually surveyed, *and about five thousand acres of which have been sold,* the purchase money for which that is unpaid is to be paid to the bank.

"JOSEPH WHARTON, [L. S.].

"Sealed and delivered in the presence of James Gibson."

This was accompanied by the deposition of James Gibson, the subscribing witness; the substance of which was,

"That the paper marked A, signed by this deponent, and hereto attached, purporting to be an exemplification of a deed executed by Joseph Wharton, to the President, Directors and Company of the Bank of North America, and a memorandum thereto annexed, purporting to have been signed at the same time when the said deed was executed, were duly executed by the said Joseph Wharton at the date referred to in the said paper ; the original instruments having been drawn by the deponent, at that time solicitor for the said bank.   Not having seen the original, the deponent cannot speak with correctness as to the accuracy of the copy now before him ; but presumes, that being an exemplification under seal of a public officer, that it is a correct copy.   This deponent has no doubt that the memorandum on the certified copy was executed at the same time the deed was to which it is attached."

This evidence was objected to by the plaintiff, but the objections were overruled, and the evidence admitted.

The court were requested to charge the jury on the following points put by the plaintiff's counsel :

1. That the memorandum on the copy of the deed from Joseph Wharton to the Bank of North America, was not properly recorded, never having been proved or acknowledged, and the original never having been seen by Kerns—was no notice to him of such paper being in existence, and is not to affect his recovery.

2. That if the memorandum was properly recorded in Huntingdon county, still it is no notice to Kerns so as to affect his title to lands lying in Bedford county, and in order to be notice to him, it ought to have been recorded in Bedford county.

And on these points put by the defendant's counsel :

1. That the memorandum on the deed of Joseph Wharton to the

[Kerns v. Swope.]

bank gave actual notice to the bank, that five thousand acres of the lands mentioned in the deed, had been sold by Joseph Wharton prior to the execution of the deed—and would be notice to the vendee of the bank.

2. That the memorandum on the original deed from Joseph Wharton to the bank, if it was there at the time of the execution and acknowledgement of the deed, constitutes a part of the deed, and was legally recorded in Huntingdon county; and part of the lands conveyed by the deed being situate in Huntingdon county, such record was notice to the plaintiff of the contents of the memorandum.

The court (Thompson, president, dissenting) answered these points in favour of the defendant, for whom the jury found a verdict.

The errors assigned were, in admitting the memorandum in evidence, and instructing the jury that it was notice of what was contained in it so as to affect the plaintiff's title.

*Barclay* and *M'Culloch*, for plaintiff in error, cited, on the point that the record of the deed and memorandum were not admissible, Garwood *v.* Dennis, 4 *Binn.* 314, 342; Heister *v.* Fortner, 2 *Binn.* 40; Simon *v.* Brown, 3 *Yeates* 186; 3 *Cranch* 155; 4 *Wheat.* 486; Leazure *v.* Hillegs, 7 *Serg. & Rawle* 312; Day *v.* Dunham, 2 *Johns Chan.* 189; Freidley *v.* Hamilton, 17 *Serg. & Rawle* 70; Billington *v.* Welsh, 5 *Binn.* 132; Jackson *v.* Given, 8 *Johns.* 140.

*Miles* and *W. R. Smith*, contra, cited, 2 *Fonb.* 150; Kean *v.* Franklin, 5 *Serg. & Rawle* 155; Lodge *v.* Simonton, 2 *Penns. Rep.* 441; Burkart *v.* Bucher, 2 *Binn.* 455; 4 *Kent* 172; 16 *Serg. & Rawle* 392; 1 *Rawle* 389; 4 *Binn.* 140; Willis *v.* Bucher, 2 *Binn.* 466. A bank can only take a conveyance for the security of money, and, therefore, a purchaser taking a title which has been in such a corporation, is bound to take notice of that and inquire into particulars. Irvine *v.* Campbell, 6 *Binn.* 118; Sugd. 532; Billington *v.* Welsh, 5 *Binn.* 131; Lodge *v.* Simonton, 2 *Penns. Rep.* 439.

The opinion of the Court was delivered by

Gibson, C. J.—In Heister *v.* Fortner, it was determined that the registry of a deed defectively proved or acknowledged, is not constructive notice even as to land in the proper county; and in the Lessee of Simon *v.* Brown, it is said to be no evidence of notice whatever. These authorities are not controverted; but it has been intimated that a presumption may arise of actual inspection of the defective registry, which is said to amount to actual notice of the contents of the original paper. The ground of the supposed presumption is the fact that the plaintiff purchased, along with the tracts in dispute, certain other tracts included in the conveyance to the bank, which are situate in Huntingdon county, where the conveyance, and what purports to be the memorandum containing a recital of the material

[Kerns v. Swope.]

'facts, were registered together; and as the original was lost, it is supposed to be a reasonable presumption that the plaintiff purchased on the faith of the registry in that county, and actually inspected it. Nothing is more reasonable.    But not to insist on the obvious answer to this, that the jury were not left to draw the conclusion of fact, we will consider the case as if the registry had been actually examined.    That it was defective, is not open to a doubt.    The memorandum of the recital, thought to be material, purports, according to the registry, to have been indorsed on the conveyance, but underneath the certificate of the acknowledgement, which contains neither reference nor allusion to it; and the original was therefore destitute of the evidence of authentication required by the law to entitle it to be registered. [The registration, therefore, being without the authority of the law, was the unofficial act of the officer, which could give the copy no greater validity than the original deprived of legal evidence of execution; nor even so much, for an original deed exhibited to a purchaser would affect him though it were unaccompanied with the evidence of its execution.    But here the registry was no better than a copy made by a private person in a memorandum-book from which a purchaser would be unable to determine whether there were, in fact, an indorsement on the deed, or whether it had been truly copied—especially when neither the copy, nor an exemplification of it, would be legal evidence of the fact in a court of justice.    Unquestionably a purchaser would not be affected by having seen the copy of a conveyance among the papers of another, or an abstract of it in a private book.    The whole effect of a registry, whether as evidence of the original or as raising a legal presumption that the copy thus made equipollent to the original had been actually inspected by the party to be affected, is derived from the positive provisions of the law; and when unsustained by these, a registry can have no operation whatever.    Stripped of artificial effect, it is but the written declaration of the person who was the officer at the time, that he had seen a paper in the words of the copy which purported to be an original.    But to say nothing in this place of the incompetency of such a declaration as evidence of the fact, on what principle would a purchaser be bound to attend to the hearsay information of one who is not qualified to give it?    Since the decision in Cornwallis's case, *Toth.* 254, and Wildgoose *v.* Wayland, *Gouldsb.* 147, *pl.* 67, it has been considered a settled principle, that the vague reports of strangers, or information given by a person not interested in the property are insufficient.    It has been held even that a general claim may be disregarded.    There certainly are cases which seem to cast a doubt on the principle.    But as is properly remarked by Mr Sugden, in his *Treatise on Vendors,* the point of notice to which the remark of Chief Baron Hale was directed, in Fry *v.* Porter, 1 *Mod.* 300, did not relate to a purchaser.    In Butcher *v.* Stapely, 1 *Vern.* 364, the purchaser was affected with notice, of which, it is

[Kerns v. Swope.]

said, there was no other *direct* evidence than what might have been gleaned from the conversation of some neighbours, who said they had heard that the vendor had sold the estate to the plaintiff.　It is obvious that to decree on parol evidence of loose conversations in the presence of the party, which may not have been heard or understood by him, would be attended with extreme danger of injustice ; and notwithstanding this decision, the rule seems to be established as I have stated it, having been recognised by this court in Peebles *v.* Reading, 8 *Serg. & Rawle* 480, and Ripple *v.* Ripple, 1 *Rawle* 386.

It remains to inquire, whether the exemplification of the defective registry were so far sustained by the deposition of Mr Gibson, as to be made competent evidence of the contents and execution of the original.　This is perhaps the more material question ; for if the memorandum is to be taken as a part of the conveyance, and not as a separate instrument like a defeasance, the plaintiff would be bound to take notice of it, whether duly registered or not, as a part of the deed through which he claims, registry being designed to apprise him but of matters which do not appear on the face of the title.　If a purchaser chooses to buy on the faith of a registry, without requiring the original to be produced, he takes his chance of the registry being a faithful one.　To this, the inability of the vendor to produce the original, would afford no exception ; for the rights of the parties must be determined by the contents of the original, when found or established, though the purchase were made when it was lost ; and a discrepance in the registry would be disregarded.　So the registry would vest no title, if the original, whether lost or not, were proved to be a forgery.　In Vickroy *v.* M'Knight, 4 *Binn.* 212, Brackenridge, J. intimated what is, to say the least, a very reasonable doubt, whether a copy of the registry can be received in any case where notice has been given to produce the original, unless the non production be accounted for ; and in the Lessee of Talbot *v.* Simpson, 1 *Peters's C. C. Rep.* 188, it was held that the registry is but *prima facie* evidence that the original had been legally proved.　But nothing more is necessary to show the solidity of the principle, than the extraordinary facilities that an opposite one would give to fraud.

The rule of law which requires the best evidence to be produced, is nowhere more rigidly enforced than in proving the contents of a lost deed.　There are but two ways of doing this in the circumstances of the present case.　Before a copy can go to the jury, it must be proved to be such by one who compared it with the original ; and it is even then inadmissible if there be a counterpart.　The case of a letter copied by a deceased clerk in the course of his business, which is put as an exception by Mr *Starkie,* in his *Treatise on Evidence, part* 2, 355, is essentially different from the present, as it certainly is not in the course of the officer's business to register deeds which have not been duly authenticated ; and besides, it does not appear, that the officer who made the copy is dead.　By the express words of the statute, the registry is to be evidence only when the requisite for-

[Kerns v. Swope.]

malities have been observed. Were it otherwise, a bad registry would be as effectual for all the purposes of evidence, as a good one. The defect here is, that there is no security, that the registry is a true copy of the original, not even the official oath of the officer, which, not subjecting him to a civil penalty for its breach, is a substitute for the judicial oath of a witness, only when it is made so by the provisions of a statute ; but here the official oath can give no sanction to the registration, which was, as regards this memorandum, an unofficial act. This principle is distinctly asserted in 1 *Gilb. Ev.* 86, where it is said, that the *inspeximus* of a deed which *needs no enrolment*, is not evidence, because the officer had no authority to make it. In *Bull. N. P.* 256, it is doubted whether the *inspeximus* of a deed which even requires enrolment, ought to be competent ; though, on the other hand, it is said to be as absurd to deny the competency of even a release which requires no enrolment, but has actually been enrolled *on the acknowledgement* of the party to be affected. But to grant the defendant the full benefit of this doubt, will not help his case ; for the absence of every thing like evidence that he acknowledged the memorandum as a part of the deed, is the very root of the difficulty. The extent to which the courts have gone in this state, has been to receive a good registry in one county, as evidence of the original in every other county ; as was done in the Lessee of *Scott v.* Leather, 3 *Yeates* 184. But that a bad registry has not the same effect, was determined in Vickroy *v.* M'Knight, already cited. The question then is, how far does the oath of Mr Gibson supply the place of the judicial oath of the officer, as to the faithfulness of the copy ? He deposes, " that the paper marked A, signed by this deponent and hereto attached, purporting to be an exemplification of a deed executed by Joseph Wharton to the President, Directors and Company of the Bank of North America, and a memorandum thereto annexed purporting to have been signed at the same time when the said deed was executed, were duly executed by the said Joseph Wharton, at the date referred to in the said paper, the original instruments having been drawn by the deponent, at that time solicitor for the said bank. Not having seen the original, the deponent cannot speak with correctness as to the accuracy of the copy now before him, but presumes, that being an exemplification under seal of a public officer, it is a correct copy. The deponent has no doubt that the memorandum on the certified copy was executed at the same time the deed was to which it is attached." It is obvious from this, that the meaning of the witness was carelessly expressed ; for he could not have intended to say, that Mr Wharton had executed the exemplified copy, as the words strictly taken purport. The meaning doubtless is, that a memorandum in the form of that contained in the registry, was indorsed on the original deed ; and whether that would be proof of the accuracy of the copy, is a question which the witness has rendered unnecessary to be determined, by saying, " that not having seen the original, he cannot speak with correctness of the accuracy

[Kerns v. Swope.]

of the copy now before him, but presumes, that being an exemplification under the seal of a public officer, it is a correct copy." By this explanation, he leaves the proof of literal accuracy exactly as he found it.   Had he undertaken to state the substance of the original from his own recollection, with or without the help of the registry to refresh his memory, it would have been competent to him to do so ; but he cannot make out the defendant's case by testimony intermediate between proof of the registry as a copy, and his own recollection of the contents of the original ; or by evidence compounded of both.   The testimony of Jacob Bonnel is still more deficient ; as he remembers no more than that an original deed was brought to him to be registered in Bedford county ; and that a memorandum was indorsed on it.   The deposition and registry, therefore, ought to have been rejected.

HUSTON, J. dissented.

Judgment reversed, and a *venire de novo* awarded.