# Flinn *against* M'Gonigle.

In order to the admission of secondary evidence of the contents of a paper, its loss must be proved; but slight evidence is required for that purpose, of the sufficiency of which the court must judge.

A covenant of F to become the surety of O to M in a certain note in which G was then the surety, and thereby "relieve and exonerate" the said G as surety, is rightly sued in the name of G.

ERROR to the District Court of *Lancaster* county.

Bernard M'Gonigle against Bernard Flinn. The facts of this case are so fully stated in the opinion of the court as to render any other statement of them unnecessary.

*Ford,* for plaintiff in error, argued that the present plaintiff could not maintain the action, and cited 7 *Peters* 492; 15 *Serg. & Rawle* 107; 8 *Watts* 362.

*Stevens, contra,* on the same point, cited 4 *Wend.* 414; 1 *Chit. Pl.* 2–5; 4 *Whart.* 72; 6 *Watts* 182.

The opinion of the Court was delivered by

BURNSIDE, J. — This was an action of covenant, in which the plaintiff below declared on the following deed:—" Whereas, Ber-

[*Flinn v. M'Gonigle.*]

nard M'Gonigle did, on the 26th day of November last (1841), become the surety of Bernard O'Conner in four respective notes, (bills single), each for the sum of $400, to John Masterson, Patrick O'Conner, Francis Keennan and Patrick Brady: Now be it known by these presents, that I, Bernard Flinn, of Lancaster township, in the county of Lancaster, do for myself, my heirs, executors and administrators, promise and agree to become the surety of the said Bernard O'Conner in the said four several and respective notes, each for $400, and thereby relieve and exonerate the said Bernard M'Gonigle as surety as aforesaid. Witness my hand and seal, the 19th of February 1842.        BERNARD FLINN." [L. S.]

The plaintiff below having given this deed in evidence, and the four notes referred to, executed by Bernard O'Conner and Bernard M'Gonigle to Masterson, O'Conner, Keennan and Brady, and proved that after actions brought on the notes, by the records, he had paid the judgments on the notes to the attorneys of the respective plaintiffs, as well as notice to Bernard Flinn to defend the suits and the insolvency of Bernard O'Conner his principal, rested.

The defendant then proved by the payees of the four notes that they never accepted of Flinn as surety in the place of M'Gonigle, and that they had no part in that agreement. It was admitted no money passed between the parties at the time the covenant was executed, nor any other property.

The plaintiff, to repel this evidence, offered to prove by George Bomberger, the subscribing witness to Flinn's engagement, and others, that at the time of executing the contract there was another executed immediately at and preceding between O'Conner and Flinn which was lost. To prove the loss and the contents, and to show that it was an agreement between Flinn and O'Conner, by which Flinn became an equal partner with O'Conner in a contract which the latter held on the New York and Erie railroad, and for the purchase of which the four notes were given by Bernard O'Conner, the contract having been originally held by Bernard O'Conner, Bernard Flinn, John Masterson, Patrick O'Conner, Francis Keennan and Patrick Brady, all of whose interests had been purchased by O'Conner, and the notes for $400 given to each of the vendors, four of which are those already given in evidence, and for which M'Gonigle was surety for O'Conner. That it was left with the witness, and endorsed upon the first contract, and to prove what that contract was. The plaintiff having proved the execution, and that the paper was lost at the trial before the arbitrators, offered evidence and proved its contents; and this forms the first error for our consideration.

The rules which prevail on this branch of the law of evidence are well settled. If the instrument is lost, the party is required to give some evidence that such a paper once existed, though slight evidence is sufficient for this purpose; and that a *bonâ fide*

[Flinn v. M'Gonigle.]

and diligent search has been unsuccessfully made in the place where it was most likely to be found, if the nature of the case admits of such proof; after which his own affidavit is admissible to the fact of its loss. *Greenl. Ev., sec.* 349, 558, and the numerous cases there cited. It is not easy to define the degree of diligence necessary in the search. Each case must depend on its peculiar circumstances. The question whether the loss of the instrument is sufficiently proved to admit the secondary evidence of its contents, is to be determined by the court. It is a preliminary inquiry, addressed to the legal discretion of the judge. The only matter complained of here is, that Mr Montgomery, who once had the instrument and made a copy of it, was not examined, being absent in Philadelphia. But it was clearly shown, that after Mr Montgomery had the paper, it was produced at the arbitration, and left on the table after the adjournment, and after Mr Montgomery had left the room and gone home. The examination as to the loss of the paper was full and diligent. From the whole evidence it was very clear that there was no probable presumption that Mr Montgomery could have the paper; on the contrary, I think it was clear that it was not in his possession. The court are of opinion there was no error in admitting the secondary evidence. The secondary evidence was full and satisfactory that the paper lost was an assignment of the interest of the four persons who were payees in the notes; that the consideration of the notes was for their interest in the contract in the New York and Erie railroad. The sale was to O'Conner, and M'Gonigle was his bail on the notes. It further appeared that Flinn proposed to O'Conner to buy or sell. It is manifest when O'Conner sold to Flinn he procured the engagement on which this action was founded to relieve his bail. The defendant's counsel below contended that on the deed in evidence M'Gonigle could not maintain his action of covenant, and asked the court to instruct the jury that the instrument upon which the plaintiff had declared gave no right of action. The judge very properly refused to give the instruction requested, but instructed the jury that the covenant on the part of Bernard Flinn was to become the surety of Bernard O'Conner for the four notes mentioned in the deed, and thereby exonerate and relieve Bernard M'Gonigle as surety in these notes; and if the jury found that Flinn did not perform his engagement according to his undertaking, covenant would lie; and this is alleged to be error.

When a bond is made to A, to pay him or a third person a sum of money for the benefit of the latter, the action must be brought in the name of A. 1 *Chit. Plead.* 4. When a deed is made *inter partes*, (that is, between A of the first part and B of the second part), C, a stranger, cannot sue on a covenant therein, though made for his benefit. 1 *Chit.* 4. It must appear that the covenant which is alleged to have been broken was made for the benefit of the person bringing the action. 4 *Wend.* 119. Here the covenant

entered into by Bernard Flinn was to indemnify, save and keep harmless Bernard M'Gonigle from the payment of certain notes in which he was bail for Bernard O'Conner. The consideration of these notes was their interest in a contract on the New York and Erie railroad. The railroad contract had been exclusively purchased and vested in Bernard Flinn, who had refused to perform his engagement. M'Gonigle was compelled to pay the notes. Flinn's covenant was broken, and there was no error in the instructions given by the District Court to the jury.

Judgment affirmed.