# Turrentine et al. v. Grigsby.

*Action on a Promissory Note.*

1. *Trial and its incidents; appointment of special judge.*—When the regular circuit court judge, after organizing the court, is taken sick during the term and becomes unable to proceed

[Turrentine *et al.* v. Grigsby.]

and transact the business of the court, the Governor can, under the provisions of the statute, (Acts of 1894-95, p. 1135; Code of 1896, §928), appoint a special judge to hold court during the remainder of the term.

2. *Action on a note; relevancy of evidence.*—In an action on a promissory note, where the defendant claims that at a specified time he made a payment on the note sued on, with money borrowed from a third person, to whom he had given his note therefor, the note so given and the testimony of such third person as to the date and amount of the loan, are admissible in evidence, in rebuttal of testimony tending to show that such payment was not made on the note sued on.

3. *Same; same.*—In an action on a note, where it appears from the evidence that the defendant had written a new note for a certain sum to be given the plaintiff as evidencing his indebtedness, but which note he afterwards refused to sign, such note is *prima facie* an admission that the defendant was indebted to the plaintiff for that amount; and is, therefore, admissible in evidence, in connection with whatever explanatory or contradictory evidence may be offered by the defendant.

4. *Same; burden of proof.*—In an action on a promissory note, where the defendant pleads payment, the burden is upon him to prove such payment; and if the testimony as to whether or not the note sued on had been paid is evenly balanced or in equilibrium, judgment must be for the plaintiff.

5. *Payment; rule as to application thereof.*—Where one is indebted to another on more accounts than one, upon the debtor's making a payment, it is his right to direct its application; and if he does not direct how the payment should be applied, the creditor has the right to apply it as he pleases.

6. *Action on a note; application as to payment.*—In an action on a promissory note, where there is an issue as to whether or not the defendant, in making a payment to the plaintiff, directed its application to the payment of the note in suit, and the testimony upon this issue was conflicting, it is error to instruct the jury how the alleged payment should be applied, without first requiring them to ascertain whether or not any direction as to its application was given by the defendant, when the payment was made.

APPEAL from the Circuit Court of Limestone.

Tried before the Hon. D. W. SPEAKE. Special Judge.

This was an action brought by the appellee, Thomas R. Grigsby, against the appellant, Thomas J. Turren-

[Turrentine *et al.* v. Grigsby.]

tine, and one John H. Davis; and counted upon a promissory note for $2,500. The complaint, as originally filed, averred that there was a credit of $1,500 on said note.

The plaintiff subsequently amended his complaint by adding another count thereto, in which he counted upon a note for $500.

When the cause was called for trial, the defendant interposed a plea to the jurisdiction of the court, which plea was based upon the following facts: At that term of the circuit court of Limestone county, the regular judge, H. C. Speake, presided the first two days of the term, when he was taken sick; and his sickness being certified to the Governor, the Governor appointed D. W. Speake as special judge to preside the remainder of the term. The transcript contains an order of the appointment of said D. W. Speake, as special judge. The plea to the jurisdiction of the court, based upon the fact of D. W. Speake's appointment and setting up that he was not duly appointed and was without authority to preside, was demurred to, upon the ground that he was duly and regularly appointed under the statute providing therefor. This demurrer was sustained, and the defendant duly excepted.

The plaintiff, in rebuttal, testified that just before the present suit was brought, the defendant made out a note to the plaintiff for $600, as evidencing the amount due the plaintiff, and that it was understood between them that J. H. Davis was to sign the note with him; that upon Davis declining to sign the note, the defendant also declined to sign it, saying at the time that he did not owe the plaintiff that sum. This note was introduced in evidence against the objection and exception of the defendants.

The defendants pleaded payment of the note for $2,500; and as to the note counted on in the second count of the complaint, they pleaded *non est factum.*

On the trial of the case, the plaintiffs introduced in evidence the note sued on, which was signed by the defendants. This note was dated January 21, 1893, and was given for $2,500, and was due on March 1, 1893. The entries of credit upon this note, as shown by the recitals in the bill of exceptions, showed that $1,811.15

had been paid on said note. These credits were made at different dates, the first one, as indorsed on said note, being March 23, 1893. The plaintiff, as a witness, testified that subsequent to the execution of this note, the defendant Turrentine borrowed from him five hundred dollars; that at the time of borrowing this amount, the defendant agreed to execute to him a note therefor with surety, and subsequently he saw a note executed to him by the defendant Turrentine, and the defendant Davis, for five hundred dollars; but that this note had been lost. In describing the note, he testified that it was executed on June 1st, 1893, and was payable on September 1st, 1893. The plaintiff further testified that on December 4th, 1893, the defendant Turrentine paid him six hundred dollars, which he applied, first to the payment of the five hundred dollar note which was due September 1st, 1893, and that the balance of the six hundred dollars was applied to the two thousand, five hundred dollars; that this application of the payment was made without any direction on the part of the defendant Turrentine.

The defendant testified that he did not execute the note for five hundred dollars as testified to by the plaintiff; that on February 17th, 1893, he paid to the plaintiff five hundred dollars on the two thousand, five hundred dollar note, for which no credit was given him; that he borrowed the money to make this payment from one W. E. Fletcher.

W. E. Fletcher was introduced as a witness for the plaintiff, and testified that he loaned the defendant $500 and took his note for the same, dated March 1, 1893; that he let him have the amount at different times, paying him as much as $430, and that after the amount loaned was $500 he took his note dated March 1. This note was read to the jury by the witness Fletcher, against the objection and exception of the defendant.

Upon the introduction of all the evidence, the court, at the request of the plaintiff, gave to the jury the following written charges: (1.) "The burden of proof as to payment is on the defendants; and if the evidence is evenly balanced, your verdict on this point should be for the plaintiff." (2.) "If you find that the $600 credit in December was by Mr. Grigsby applied to the $500 note or due bill of June 1st, 1893, then you will place

the balance only over the $500 note on the $2,500 note."
To the giving of each of the charges, the defendants sep-
arately excepted.

There were verdict and judgment for the plaintiff.
The defendants appeal, and assign as error the several
rulings of the trial court to which exceptions were
reserved.

W. T. SANDERS and J. J. TURRENTINE, for appellant.
The act providing for the appointment of a special
judge in this State is contained in Acts, 1894-95, p. 1135,
and provides that such special judge shall be appointed
and commissioned by the Governor, and there is no evi-
dence whatever of any commission having been issued
to the said D. W. Speake to preside as such special
judge, so far as the records of the Limestone circuit
court show, or so far as this transcript shows. It can not
be maintained that said special judge could have been
vested with any authority to preside at said term, save
by a commission issued from the Governor in accord-
ance with the foregoing act. A judgment entered by a
court without jurisdiction is void.—12 Amer. & Eng.
Encyc. of Law, 371, §13, note 4; *Watts v. Frazer,* 80
Ala. 186.

McCLELLAN & McCLELLAN, *contra.*—The statute
fully authorized the Governor to make the appointment
of a special judge under the circumstances contained
in the record.—Acts, 1894-95, p. 1135.

The note given by Thos. J. Turrentine to W. E.
Fletcher was offered in evidence only as to its date.
There is evidence that he, Turrentine, received some of
the money with which he made the payment of five hun-
dred dollars on February 17th, from W. E. Fletcher,
for which he gave this note. Hence, the appellee prop-
erly contradicted this evidence by the date of this note,
March 1st. This was strong, competent evidence against
the appellant on a material point.

In regard to the unsigned six hundred dollar note,
testified about by Walter McWilliams, R. A. McClellan
and the appellee: Shortly before this suit it was drawn
up or filled out by Thos. J. Turrentine in the presence of
the appellee. It not then being signed, the appellee left

it with Walter McWilliams, who thought he left it with
R. A. McClellan. It could not be found, although dili-
gently searched for. The only objection to this note
was that it was not signed. Of course it was not offered
as a signed note or anything other than it was as de-
scribed by the witnesses. Being in the handwriting of
Thos. J. Turrentine, it was an admission, however sub-
sequently qualified, of a liability to the appellee of six
hundred dollars. To this extent it was entirely
competent.

BRICKELL, C. J.—1. The several questions raised
as to the competency of the judge presiding in the court
below, have been settled adversely to the appellant.
*Bell v. State,* 115 Ala. 25; *L. & N. R. R. Co. v. Malone,*
116 Ala. 600.

2. The material inquiry in considering the relevancy
of evidence is, whether it has a tendency to establish
any fact material to support the plaintiff's case, or the
defense of the defendant. If such is its tendency, it is
admissible, and the question of its sufficiency or weight
belongs to the province of the jury, under appropriate
instructions from the court.—1 Brick. Dig. 809, §81.
The defendant had testified that he had made a payment
of five hundred dollars, on the 17th February, 1893, on
the note the foundation of suit, and that he got four
hundred and thirty dollars of the money from Fletcher.
The note he gave Fletcher for money borrowed, bore
date March 1st, 1893. It may be, the presumption that
the note bore the date of the loan was weak, and that it
was neutralized by the evidence of Fletcher, that the
loan was made prior to the giving of the note; it was
for the jury under all the circumstances to determine
how far it should prevail. And so the note for six hun-
dred dollars, written by the defendant, payable to the
plaintiff, and passing into his possession, though the
defendant refused on request to sign it, saying he did
not owe the plaintiff that sum, was admissible. When
it was written by the defendant, it was *prima facie* an
admission that he owed plaintiff that amount; an ad-
mission capable of explanation or contradiction, but
which must be taken in connection with whatever of ex-
planatory or contradictory evidence may be offered.

[Turrentine *et al.* v. Grigsby.]

3. A party pleading or relying on payment, has the burden of proof resting upon him, for if the fact exists, it lies peculiarly within his knowledge. In all civil causes, if the testimony be evenly balanced, or in equilibrium, which is the same thing, then the verdict must be against the party on whom the burden of proof rests. *Vandeventer v. Ford & Moseley,* 60 Ala. 610; *Lehman Bros. v. McQueen,* 65 Ala. 570. This is the proposition underlying the first instruction given at the instance of the plaintiff, and in the giving of it, the court below did not err.

4. The rule of law governing the application of payments, when the party making the payment is indebted on more accounts than one to the party receiving payment, is well settled. Before, or at the time of payment, the debtor may direct its application—if he does not direct its application, the creditor has the right to apply it as he pleases. A disputed question of fact in this case, was whether the defendant had directed a particular payment to be applied to the credit of the note in suit. Upon this question, the testimony of the plaintiff and of the defendant was in conflict. In view of this conflict, the second instruction given at the instance of the plaintiff was erroneous, and is cause of reversal. 1 Brick. Dig. 344, §135; *Adams v. Thornton,* 78 Ala. 489. It predicates the application of the payment wholly on the act of the plaintiff, withdrawing from the consideration of the jury the testimony of the defendant, that he had directed its application to the payment of the note in suit.

We do not deem it necessary to consider the other instructions given or refused, to which exceptions were reserved; it is not probable that they will be presented in the same form upon another trial.

Let the judgment be reversed and the cause remanded.