## HOUSE WRECKING COMPANY, Respondent, v. HERMAN SONKEN et al., Appellants.

### Kansas City Court of Appeals, January 2, 1911.

1. **CONTRACT: Pleading.** While a contract may be pleaded according to its legal effect, it is no objection to a petition that it is copied therein and also its legal effect and obligation likewise stated.

2. ———: ———: **Modification.** If a written contract is afterwards modified, it should be pleaded as it stands after the modification.

3. ———: ———: ———. A written contract provided that a house wrecking company should remove certain buildings occupied by tenants within thirteen days from the time the company got complete possession of the entire property; and that for the number of days less than thirteen the company saved in removal it should receive $50 each; and for the number of days it took over thirteen, it should pay to the owner $50 each. Some parts of the buildings became vacant, but the company could not get possession of other parts, and the owner desired the company to begin work which could be done on the vacant parts and gave it a memorandum that such entry and beginning of work on the vacated parts should not be considered or construed as the beginning of the thirteenth days limit of time named in the contract. *Held*, that such memorandum was not a modification of the contract.

4. ———: ———: **Penalty.** A contract for doing extensive and expensive work within thirteen days and providing that $50 per day would be paid to the employee for all days less than that time, and $50 per day should be paid to the employer for each day over that time, is not a penalty, is reasonable and will be enforced.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

AFFIRMED.

*Harry Friedberg* and *Clinton A. Welsh* for appellants.

(1) Plaintiff failing to set out the legal effect of the contract sued on failed to state a cause of action and the defendant's objection to the introduction of any evidence at the beginning of the trial for the reason that plaintiff's petition did not state facts sufficient to constitute a cause of action should have been sustained. Moore & Hunt v. Platte Co., 8 Mo. 471; Penrose v. Life Ins. Co., 66 Fed. 253. (2) The plaintiff waived the provisions of the written contract as to time by entering upon the premises and beginning wrecking and removing the buildings before all of the buildings were vacated, hence it cannot recover in this case. In the face of this record and the facts about which there is no dispute by the parties to this suit, plaintiff entered upon the premises in question which were partly vacated and began wrecking and removing the buildings prior to the first day of June, 1908, by this act which he elected to perform he waived the provision of the contract as to the right to have the entire possession of the premises turned over to him before beginning the work therefore he cannot maintain this action for a penalty against these defendants. Polk v. Western Assur. Co., 114 Mo. App. 514; Cannon-Wimer Co. v. Boswell, 117 Mo. App. 473. (3) The record shows that the written contract which plaintiff seeks to recover on in this case was modified by parol agreement, the effect of such modifi-

cation was to reduce the entire contract into a parol contract. Koons v. St. Louis Car Co., 203 Mo. 259. (4)   Before an action can be maintained on a modified contract the pleadings must set out the agreement and the modification thereof and the action, if maintainable, is upon the contract as modified. This plaintiff did not do, consequently he cannot recover in this case. The plaintiff did not allege in its petition any modification of its contract, which plaintiff proved was made. Parties may change or modify the terms of a written contract, but when they do they must declare upon the agreement as it stands modified. This is done by sitting out the agreement and the modifications thereof. Every substance of fact, which the plaintiff must prove to maintain his action, should, under the practice act, be alleged, so that an issue can be made thereon. Lanitz v. King, 93 Mo. 519; Taussig v. Mill & Land Co., 124 Mo. App. 220; Koons v. St. Louis Car Co., 203 Mo. 259. (5)   The unsigned paper marked plaintiff's Exhibit No. 2 admitted in evidence by the court over defendant's objection was reversible error.   (6)   There was no substantial testimony to support the verdict in this case. The preponderance   of the evidence shows that plaintiff never did perform his contract.   "But if there is no substantial testimony to support the verdict, or we believe physical facts point to its unsoundness, the cited cases show it is our duty to interfere to prevent the unjust transfer of money or property from one party to the other." Spiro v. St. Louis Transit Co., 102 Mo. App. 266.   (7)   The court had the right to and it was its duty when its attention was called to the matter, to supply the lost records, the instructions in this case. Sections 4560-4561, R. S. 1899, provides for supplying lost or destroyed records or papers filed in a case and defines the practice and procedure therefor.   Section 674, R. S. 1899, provides that no process pleading or record shall be amended or impaired without the order of court.

*T. A. Witten* for respondent.

Appellant's first contention is that the petition did not state facts sufficient to constitute a cause of action and that his objection to the introduction of any evidence ought to have been sustained. He did not demur to the petition. His complaint is that the petition sets forth the portion of the contract violated *in haec verba* but did not plead it by its legal effort. The only answer necessary to this proposition is that it is a mistake of fact. After setting the contract out *in haec verba* the petition proceeds to plead it by its legal effect, then charges the breach and asks judgment. The petition is good under the authorities in this state. Bank v. Leyser, 116 Mo. 73; State ex rel. Williams, 117 Mo. 373; Bank v. Landis and Behney, 34 Mo. App. 433; Bick v. Clark, 134 Mo. App. 544.

ELLISON, J.—This action is based on a written contract. The plaintiff recovered in the trial court.

It appears that the Roby Realty Company desired to erect a new building on ground occupied by old buildings and it contracted with defendants to remove them. Defendants then contracted with this plaintiff, as a wrecking and salvage company, to tear down the buildings and remove the material. The contract provided that the work should be done within thirteen days, including Sundays, from the time plaintiff obtained full possession, and that if plaintiff would complete the work in less time, defendants, would pay fifty dollars for each day saved, and that if the work was not done within the time plaintiff would pay defendants fifty dollars for each day over. The evidence tended to show that plaintiff engaged a large force and completed the work in two days, which was eleven days less than the time allotted, and it therefore claims five hundred and fifty dollars under the contract.

The first objection taken by defendants is to the petition, the ground being that it pleads the contract

by merely copying it, instead of stating its legal ef·
fect.    This objection is founded upon a misapprehension
of the petition.    It is true that part of the contract in
controversy is copied into the petition; but its legal
effect, or intendment, is likewise well pleaded in addi-
tion to the copy.    As a whole, the petition contains a
plain statement of plaintiff's cause of action, and that
is all that is required.

It appears that there were tenants in the old build-
ings and plaintiff could not get complete possession.
The Roby Company was quite anxious to get the ground
cleared so· that it could begin the new building.    Mat-
ters could be expedited if plaintiff could go into parts of
the buildings which were vacated and begin taking out
windows, doors, etc.; but it was not willing to do this
for fear it would be taken as the beginning of the work
under the contract and that the time limit would be
counted from the time thus entered into a part of the
buildings.    An unsigned written memorandum was
therefore drawn up to the effect that plaintiff could
enter into that part of the premises vacated and start
the work of dismantling before complete possession
could be had and that this should not be construed as
obtaining possession as provided in the contract, nor as
the beginning of the work, so as to start the time run-
ning against plaintiff for its completion. In other words
as, under the contract, time was not to begin to run
against plaintiff until it was put in complete possession
of the entire premises and thereby enabled to use its full
force on any part of the premises without delay or
hindrance, this understanding was had to assure plain-
tiff that his temporary entrance on a part of the pre-
mises should not be construed to be the possession men-
tioned in the contract so as to start the time against him.
Defendants insist that this was a modification of the
contract and that plaintiff's action should have been
founded on the contract as modified, instead of its origi-
nal form; and in support of this, we are cited to Lanitz

v. King, 93 Mo. l. c. 519; Koons v. Car Company, 203 Mo. l. c. 259. There is no doubt of the correctness of the legal proposition, but the question is, was the original contract changed or modified? We think not. We think the subsequent written memorandum was merely a precautionary statement of the true meaning of the contract as understood by the parties. The contract read that the work was to be performed within thirteen days "after full and complete possession of the premises has been delivered;" and, so as to avoid any dispute afterwards, as to plaintiff entering into part possession and beginning work, a written understanding of the parties was drawn up. It was not a change of the original contract.

But it is said the court erred in admitting the memorandum in evidence as it was unsigned by the parties and was binding upon no one. The testimony however tended to show that it was handed to plaintiff by defendants as a statement of what the contract was understood to mean. Certainly then it was competent as against defendants at the trial.

It seems that some of the instructions offered by the defendants were refused and that they were then lost. Defendants applied to have them restored from memory of those who knew their contents. The court after a hearing refused the application. Some question is made by plaintiff as to defendant's right to restore them in the manner attempted, but we pass that by, for the reason that the manner presented as the instructions sought to be restored shows they were properly refused. One of them is practically a duplicate of one which was given; and the others were not good under the views expressed in this opinion on the subject of modification of the contract.

The instructions given for plaintiff and for defendants, together, presented the issue to the jury fully so that there is no reason to suppose there was any misunderstanding.

We do not regard the point made as to the contract being penal as well taken. The evidence showed conditions which made the provision a reasonable one, and one intended by the parties to be enforced. The owner was very desirous of starting new and expensive buildings and the plaintiff, in order to finish the work in a short time, made extensive and expensive preparations therefor.

There is no ground for our interference, and hence we affirm the judgment. All concur.