## O'Malley *v.* Metropolitan Life Insurance Company, Appellant.

*Evidence—Foreign laws—Irish census returns—Life insurance—Date of birth.*

An Irish census return of a particular year is not admissible in an action on a life insurance policy to show the date of the birth of the insured where there is no offer to produce the statute in evidence under which the census was made, or how the return was preserved, or how authenticated.

Argued May 3, 1911. Appeal, No. 127, April T., 1911, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1906, No. 734, on verdict for plaintiff in case of Sarah O'Malley v. Metropolitan Life Insurance Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit on a policy of life insurance. Before KENNEDY, P. J.

At the trial counsel for defendant offered as evidence exhibit "C," being a certified copy of a public record, from the public record office of Ireland, being the census return for June 6, 1841, signed by the assistant deputy keeper under the seal of office, the certificate being made in pursuance of the public records act for Ireland, of 1867, 30 and 31 Victoria, Caput 70, sec. 4 and sec. 9. Attached to this is also a declaration of George McIldowie, Jr., of Arthur Square, Belfast, for the county of the city of Belfast, county Antrim, solicitor of the Supreme Court of Judicatus, Ireland, and his certificate or statement as taken before John I. Shaw, justice of the peace, for the city of Belfast, and attached is a certificate of Samuel S.

Knabenshue, consul of the United States of America for the port of Belfast, certifying that John I. Shaw before whom the annexed declaration was taken, was, at the time of signing, a justice of the peace for the county of the city of Belfast, Ireland, and that to his official acts in that capacity, full faith and credit are due.

Also the further certificate attached, which is a similar certificate or certified copy of the public record office of Ireland showing the return of census for March 30, 1851, for the family in question, certified by Henry L. Berry, assistant deputy keeper on May 15, 1905, and also certified by George McIldowie, Jr., a commissioner resident at Belfast, Ireland, appointed by the governor of the state of Pennsylvania, and under the laws of the said state, to take the proof and acknowledgment of deeds in Ireland, to be used and recorded in the said state, together with the seal of the said George McIldowie as commissioner of deeds for the state of Pennsylvania.

Counsel for plaintiff object to both offers, for the reason that they are incompetent, they not having been properly proven, and even if they were, they would not be evidence upon this question of the age of James O'Malley, the decedent.

To which ruling of the court counsel for defendant except. Exception allowed and bill sealed. [1]

Defendant's counsel offered to prove, by a certified copy of the census of March 30, 1851, duly certified by Henry L. Berry, assistant deputy keeper, on May 15, 1905, with the seal of the public record's office, entitled "A census return 1851, custom house collection, form A, census of Ireland, 1854, in pursuance of the act, 13 and 14 Victoria, Caput 44, of the county of Mayo, Ireland, Barony of Burrisholl, Parish of Kilmena, Townland of Money;" also having attached thereto a certificate of George McIldowie, Jr., a commissioner resident at Belfast, Ireland, appointed by the governor of the State of Pennsylvania, with the seal of said George McIldowie, Jr., as commissioner for the state of Pennsylvania, attached

thereto. This for the purpose of showing that Patrick Mally was the head of the family, was a woolen weaver, and that his wife's name was Mary Mally, and the children were Michael Mally, sixteen years old, Bridget Mally, fourteen years old, James Mally, twelve years old, Mary Mally, seven years old, John Mally, four years old, Patrick Mally, one year old; and also a like certificate of the public record's office of Ireland, census of 1841, duly certified by Henry L. Berry (the same person who certified the former record), with the certificate or declaration made under the "Declaration Act" of Great Britain and Ireland, certifying that the documents marked exhibit "A" (the one now offered) and exhibit "B" (the one mentioned in the last previous offer), on which he had written his name at the time of making the declaration, and purporting to be copies of the census returns for 1841 and 1851, are copies of public records, deposited in the said public records office in pursuance of the said act of Parliament, that is, the act of 30 and 31 Victoria, Caput 70 sec. 4, 1867, and are stamped with the seal of the public records office in accordance with the provisions of said act. And that the census return of 1841 was made pursuant to the act of Parliament, 13 and 14 Victoria, Caput 44, according to which the returns were made by the head of the family, who, in this case, is Patrick Mally. This for the purpose of showing by said records that Patrick Mally, forty-two years of age, male, head of family, married 1832, weaver, cannot read or write, county of Mayo; Mary Mally, thirty-four years of age, female, wife, married 1832, no occupation, cannot read, county Mayo; Michael Mally, six years old, male, son, no occupation, cannot read, same county; James Mally, two years old, male son, no occupation, cannot read, county Mayo; Bridget Mally, four years old, female, daughter, no occupation, cannot read, county Mayo, in connection with the testimony heretofore offered, composed the family and that the prefix "O" was used, or not, according to the wish of the person whose name it was attached to,

and that the same name would be found in the same record both ways with the prefix and without. This is offered also in connection with the admission of Mrs. O'Mally, the plaintiff in this case, given in a previous portion of this testimony.

Objected to, by counsel for plaintiff, as incompetent:

1. Because the law or laws under which the alleged census were originally taken, and the records thereof made and kept, and these alleged copies or certificates made and, authenticated have not been properly proven, or indeed proven at all.

2. Because the alleged certificates themselves have not been properly proven, so as to justify their admission in this tribunal.

3. The identity of the person referred to as James Mally, in the alleged reports, with James O'Mally, the decedent, whose life was the subject of insurance in this case, has not been properly shown.

4. In any event, the census reports in question, no matter how proven, would not be competent evidence to show the age of the said James O'Mally deceased, and generally because the proposed evidence is incompetent, irrelevant and immaterial.

Objection sustained.

To which ruling of the court counsel for defendant except.

Exception allowed and bill sealed. [2]

Verdict and judgment for plaintiff for $562.35. Defendant appealed.

*Errors assigned* among others were (1, 2) rulings on evidence quoting the bill of exceptions.

*W. K. Jennings*, with him *D. C. Jennings*, for appellant.—The statutes of another state or country may be proved by a properly authenticated copy: Bollinger v. Gallagher, 170 Pa. 84; Chesapeake Ins. Co. v. Stark, 10 U. S. 268; Jones v. Maffet, 5 S. & R. 523; Kingston v.

. Lesley, 10 S. & R. 383; American Life Ins. & Trust Co. v. Rosenagle, 77 Pa. 507; Yung's Est., 199 Pa. 35.

*Frederick W. Miller*, with him *John S. Robb, Jr.*, and *Thomas A. Miller*, for appellee.—Foreign laws must be proven: Linton v. Moorhead, 209 Pa. 646; Nashua Sav. Bank v. Anglo-American Land, Mortgage & Agency Co., 189 U. S. 221 (23 Sup. Ct. Repr. 517); Bollinger v. Gallagher, 170 Pa. 84; American Life Ins. & Trust Co. v. Rosenagle, 77 Pa. 507; Stanglein v. State, 17 Ohio St. 453; State v. Dooris, 40 Conn. 145; Hegler v. Faulkner, 153 U. S. 109 (14 Sup. Ct. Repr. 779).

Census returns are not competent as evidence to prove age under any circumstances, even if they are fully authenticated, duly proven to be what they purport to be, and made and recorded according to laws properly proven: Maher v. Empire Life Ins. Co., 96 N. Y. Supp. 496; Gorham v. Settegast, 44 Tex. Civ. App. 254 (98 S. W. Repr. 665); Campbell v. Everhart, 139 N. C. 503 (52 S. E. Repr. 201).

OPINION BY ORLADY, J., July 13, 1911:

This is an action brought by the plaintiff on a policy of insurance issued by the defendant on the life of James O'Malley. In the application the date of the birth of the assured was given as September 19, 1849, at Westport, Ireland. The defendant alleges that the assured misstated his age at the time this application was made, and in support of this contention offered in evidence what purported to be a certified copy of a public record from the public record office of Ireland, being the census return for June 6, 1841, signed by an assistant keeper, under the seal of office, and certified to be made in pursuance of public records act for Ireland, of 1867, 30 & 31 Victoria, and a similar certificate from the same office showing the return of census for March 30, 1851, for the family of the alleged father of the assured.

Attached to each was a certificate of the commissioner

of the state of Pennsylvania, and the consul of the United States for the port of Belfast.

Counsel for the appellant very frankly states in his argument: We produced not only the certificate of the commissioner of deeds for the state of Pennsylvania, stating what the law is, but also produced the statute or acts of parliament, bound and authenticated just as our acts of assembly, and read to the court from them, and therefore, the matter was properly before the court, and was in evidence although the stenographer may not have understood it as an offer, and did not take it down." We can only consider the record as it is certified to us by the court below, and as presented it does not show that any offer was made to determine any authority in law under which these records were required to be originally made, how they were to be preserved, or how authenticated, and as appears by the record, no act of parliament was either read or offered in evidence.

While it is true that the statutes of another state or country may be proved by a properly authenticated copy, yet no offer was made, or proof adduced to ascertain the law of Ireland in force in 1841 and 1851. The unwritten law of another state or country may be shown by the decisions of the courts, or by the testimony of a witness who is familiar with it. But such evidence is to the court, and for its information. The law of another state upon a subject coming under notice in the trial of a cause will be presumed to be the same as the law of this state upon this same subject. But it is always incumbent upon him who alleges that it is different to show just what it is to the court, who will judge of the sufficiency of the evidence, and its effect: Bollinger v. Gallagher, 170 Pa. 84; Linton v. Moorhead, 209 Pa. 646; Yung's Estate, 199 Pa. 35; American Life Insurance & Trust Co. v. Rosenagle, 77 Pa. 507.

The evidence as offered was excluded for the reason that there was too much uncertainty in the papers themselves to permit them to be offered for the purpose

mentioned, and from what did appear, on their face it was apparent that the law regulating the taking of the census, preserving of the records and the effect to be given to such record, is materially different from that in force with us.

The court properly excluded the evidence referred to in the second and third assignments of error; and without such proof the defendant could not proceed with its case, so that the direction to find a verdict for the plaintiff was proper, under the circumstances.

The assignments of error are overruled and the judgment is affirmed.

PORTER J. concurs in the judgment.