## Brenner, Appellant, *v.* Lesher et al.

Argued September 30, 1938.   Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*M. J. Hosack,* with him *A. Ross Walter* and *Geo. M. Hosack,* for appellant.

*George H. Hafer* and *Arthur H. Hull,* of *Snyder, Hull, Leiby & Metzger,* for appellees, were not heard.

524

OPINION BY MR. CHIEF JUSTICE KEPHART, December 5, 1938:

At the trial of an action to recover damages for injuries received in an automobile collision, a carbon copy of a typewritten statement, to the effect that appellees did not cause the accident, was read in evidence over appellant's objection and was later sent out with the jury. It had been dictated in appellant's presence by an insurance agent to his stenographer, who made from the dictation an original and six duplicates in one mechanical operation. The original was allegedly signed by him and duly witnessed. Appellant's objection to the exhibit was that execution and delivery of the first or original copy was not proven; that there was not sufficient proof that it was one of the duplicates, or an authenticated copy; also, that there was not sufficient evidence the original had been lost or proper search made. Objection was further made that the jury should not have been allowed to take out the exhibit. The jury found for appellees.

Where an unsigned writing contains a statement as to the existence or nonexistence of facts relative to the matter in suit, its genuineness as the written statement of the party affected may be proven by oral testimony: 4 Wigmore on Evidence (2d ed.), section 2134 (2). A confession by one accused may be stated orally, taken down stenographically and transcribed without being signed. In such case oral evidence may supply the proof of genuineness of the transcription and its authorship or adoption by the person allegedly making the statement: *Pennsylvania v. Stoops,* Add., 381; and see *Com. v. Rose,* 327 Pa. 220, 225. So also, with an unsigned deposition, or an unsigned dying declaration. See *Pennsylvania v. Stoops,* supra; *Allison v. Com.,* 99 Pa. 17, 33; a like result is reached as to admissions, both in civil *(Tams v. Lewis,* 42 Pa. 402, 413) and criminal *(Com. v. Bassi,* 284 Pa. 81, 83) cases.

But in all cases where written statements are unsigned, because their probative value is greater than mere oral statements, the court, before submitting the writing to the jury, should be satisfied that the evidence of its authentication is sufficient in quantity and quality to satisfy a reasonably inquiring mind of its genuineness. The authenticity of a writing offered as evidence is always preliminarily for the court.[1]

Where the statement is signed, proof of execution by its responsible author is all that is necessary. It is sufficient that the attesting witnesses testify to the signing, or that the signature is identified.[2]

When a narrative statement recites the existence or nonexistence of facts in connection with an event that is past, delivery of the statement to the party to be benefited is not necessary to have the statement admitted in evidence. This result must necessarily be deduced from the many cases involving unsigned and undelivered writings which none the less operate as admissions. Cases where the validity of a writing as an obligation or conveyance is in issue *(McCredy v. Schuylkill Navig'n Co.,* 3 Whart. 424, 440; *Jack v. Woods,* 29 Pa. 375; *Laubach v. Meyers,* 147 Pa. 447, 452; *Burr, Committee, v. Kase et al.,* 168 Pa. 81) are to be distinguished.[3] *Robin-*

---

[1] *Commissioners of Berks County v. Ross,* 3 Binn. 538, 544; *Hays v. Hays,* 6 Pa. 368, 370; *Caffery et ux. v. P. & R. Ry. Co.,* 261 Pa. 251, 255; *Institute of Protestant Deaconesses v. Lingenfelser,* 296 Pa. 493, 500; *O'Malley v. Metro. Life Ins. Co.,* 47 Pa. Superior Ct. 533, 538.

[2] See *Austen v. Marzolf,* 307 Pa. 232, 235; *Groff v. Groff,* 209 Pa. 603; *Sigfried v. Levan,* 6 S. & R. 308, 312; see Wigmore, section 2134 (1).

[3] In these cases writings which were either unsigned or undelivered or both were upheld as evidence of statements upon the showing of authorship: *Pennsylvania v. Stoops,* Add. 381; *Tams v. Lewis,* 42 Pa. 402, 413; *Com. v. Bassi,* 284 Pa. 81, 83; *Huggins v. Southern Ry. Co.,* 148 Ala. 153, 41 So. 856; *Turrentine v. Grigsby,* 118 Ala. 380, 23 So. 666; *Snyder v. Reno,* 38 Iowa 329; *House Wrecking Co. v. Sonken,* 152 Mo. App. 58, 133 S. W. 355 (Mo.);

*son v. Cushman,* 2 Denio 149 (N. Y.), is distinguishable in that there admission of an undelivered note as evidence would have, in effect, resulted in its enforcement as a formal obligation.

When an original writing is not available, a copy of it is admissible in evidence when properly proven as such.[4] Any person who has seen the original, and compared it, is a competent witness.[5] But, where several duplicates of a written statement are made, by the same mechanical operation, the first impression and all others may be regarded as duplicate originals, and any one may be primary or preferred evidence of the writing when it is legally proven that its contents correctly represent the statement made or adopted by the one who is to be affected thereby *(Cole v. Ellwood Power Co.,* 216 Pa. 283; *John Wanamaker v. Chase,* 81 Pa. Superior Ct. 201, and cases cited therein; *Werner v. Hillman C. & C. Co.,* 300 Pa. 256) ; or when duly signed and delivered, if delivery was necessary, when competent proof is made of its execution and delivery. See *Cole v. Ellwood Power Co.,* supra.

Where, however, one or more of such duplicates are signed by the person whose statement they contain, the signed duplicate or duplicates are the best evidence of the writing, and their unavailability as evidence, by loss, destruction, refusal to produce on demand, or otherwise, must be shown in order to make admissible an unsigned duplicate. See *Sanner et ux. v. U. S. Transfer Co.,* 127

---

*In re Woodward et al.,* 74 N. Y. S. 755; *Friedman et al. v. Ender et al.,* 116 N. Y. S. 461; *Pacific Export Lumber Co. v. North Pac. Lumber Co.,* 46 Ore. 194, 80 Pac. 105; *Warren v. Wilson,* 89 S. C. 420, 71 S. E. 818.

[4] *Shortz v. Unangst,* 3 W. & S. 45; *Welsh v. Crawford,* 14 S. & R. 440; *Pipher v. Lodge,* 16 S. & R. 214; *Randall's Appeal,* 2 Walk. 465; Wigmore, section 1192 et seq.

[5] *Kerns v. Swope,* 2 Watts 75; *McGinniss v. Sawyer,* 63 Pa. 259; *American L. Ins. & Tr. Co. v. Rosenagle,* 77 Pa. 507; *Burr v. Kase,* 168 Pa. 81, 91; Wigmore, sections 1277, 1278, 1280.

Pa. Superior Ct. 191. In such cases the unsigned duplicate must be treated as a copy, and its genuineness, as well as the existence and genuineness of the original, must be shown before it becomes admissible.

In this case the evidence was sufficient to submit to the jury that the duplicate offered was one of the seven that had been made by one and the same mechanical operation. The one whose written statement it purported to be, appellant, identified the duplicate as similar to the one which he was asked to sign but had refused, and stated that another duplicate given to him was sent to his attorney and lost in the mails. The duplicate offered as evidence was unsigned but the defendant appellees proved by the attesting witnesses that another, the original, had been signed by appellant with the intention that it be used as his written statement; that it had been handed to the insurance agent who placed it among his papers, and that it was lost. The court below says, as to its loss: "The loss or destruction of the original of the said exhibit has been duly proved; as to the search, the said Watterson having testified that he made a search for it and could not find it; also considering his testimony that his files had been cleared of old papers and whatever were regarded as useless ones and in consideration of the age of this action, we conclude that the proof of adequate search was sufficient."

Having established the existence and genuineness of the original writing, that duplicates of it had been made, that the original had been signed and that it was intended to be used as a written statement, that a reasonable search was made for the original,[6] and its loss thus

[6] As to the sufficiency of search, see: *Leazure v. Hillegas,* 7 S. & R. 313, 323; *Flinn v. M'Gonigle,* 9 W. & S. 75, 77; *Hemphill v. McClimans,* 24 Pa. 367, 370; *Gorgas v. Hertz,* 150 Pa. 538, 540; *Muncey v. Pullman Taxi Service Co.,* 269 Pa. 97, 101; *Wilson v. Reiszner,* 275 Pa. 5, 10; *Ray's Estate,* 304 Pa. 421, 432; *Strause v. Braunreuter,* 14 Pa. Superior Ct. 125, 134; *American L. Ins. & Tr. Co. v. Rosenagle,* 77 Pa. 507, 514.

established, appellees have satisfied the demands of the rules for the admission of such evidence.

Appellant cites a number of cases[7] to show that it was error to send the exhibit out with the jury, but under them the court below did not err. They state the well-settled law that it is within the discretion of the trial court whether documentary evidence, properly admitted (with the exception of depositions or transcripts of testimony), shall be sent out with the jury. An admission must be distinguished from a deposition. In *Kline v. First National Bank,* 2 Mona. 448, 15 Atl. 433, an admission of record was held properly entrusted to the jury. So also were confessions, in *Com. v. Murphy,* 92 Pa. Superior Ct. 139, 142, opinion by Mr. Justice (then Judge) LINN. See also *Alexander v. Jameson,* 5 Binn. 238; *Com. v. Stanley,* 19 Pa. Superior Ct. 58.

Here appellant intended that his written statement should be used as such. But the trial court must exercise extreme caution in sending such papers out with the jury in view of their probative value. It might have been better, in this case, because of the dispute over the authenticity of this document, not to have done so. Nevertheless we cannot conclude the act of sending it out with the jury was an abuse of discretion. When this is done, however, the trial judge should warn the jury of any dispute. The statement had been read to the jurors; they had received its full effect and sending it out with them was merely cumulative because of the testimony of other witnesses.

Orders affirmed.

---

[7] *Arwin's Lessee v. Bisbing,* 1 Yeates 400; *Kittanning Ins. Co. v. O'Neill,* 110 Pa. 548; *Cavanaugh v. Buehler,* 120 Pa. 441; *Com. v. Ware,* 137 Pa. 465; *Com. v. Brown,* 264 Pa. 85; *Com. v. Prescott,* 284 Pa. 255; *Welliver v. Penna. Canal Co.,* 23 Pa. Superior Ct. 79; *Com. v. Clark,* 123 Pa. Superior Ct. 277.