## Crothers, Appellant, v. Crothers.

*Confidential relation—Principal and agent—Father and son—Conveyance —Fairness—Fraud—Burden of proof.*

The mere fact that a son who resides with his father, at the time of the conveyance of real estate to him by his father, holds a general power of attorney from his father executed very shortly before the conveyance and especially authorizing a lease of the farm conveyed, is not sufficient of itself to put upon the son the burden of showing the integrity of the transaction.

It seems that, in such a case, the presence of any fact or circumstance which casts the slightest suspicion upon the transaction would require the son to prove there was no taint of fraud or undue influence in it.

*Evidence—Competency of witnesses—Deceased grantor—Adverse interest.*

A plaintiff in ejectment who claims as heir an undivided interest in real estate conveyed by his deceased father to the defendant, another son, is not a competent witness to testify that the father had not sufficient mental capacity to make the deed, and that it was obtained from him by means of the fraud and undue influence of the grantee: King v. Humphreys, 138 Pa. 310.

In such a case, a sister of the plaintiff and defendant is a competent witness for the defendant; and the fact that at the time of the conveyance it was agreed that part of the purchase money should be paid to her, and the same was secured by a judgment note of defendant not at the time of trial fully paid, does not disqualify her.

Argued Oct. 19, 1891.   Appeal, No. 90, Oct. T., 1891, by plaintiff, William B. Crothers, from judgment of C. P. Washington Co., Aug. T., 1890, No. 107, on verdict for defendant, Leman M. Crothers.   Before STERRETT, GREEN, McCOLLUM and MITCHELL, JJ.

Ejectment.

At the trial before McILVAINE, P. J., the evidence showed that the deed under which defendant claimed was dated January 22, 1889; and that at the time of the execution of this deed defendant had a general power of attorney from his father dated January 15, 1889, to transact all of his business relating to both his real and personal estate, and especially to make an oil and gas lease of the farm in question.

Lizzie Crothers testified that, at the time of the conveyance by Samuel J. Crothers and wife to the defendant, Samuel J. Crothers transferred to her $10,000 of the purchase money, the

payment of which was secured by a judgment note of the defendant on which, at the time of trial, considerable payments had been made.  She also testified, under objection, that the plaintiff had worried his father by asking that the farm in question be sold to him; that the father told the plaintiff that the farm was intended for the defendant; that the father, Samuel J. Crothers, personally directed that the deed to defendant be prepared and that she was present when the deed was executed and that his mind was then perfectly clear. [2]    John J. Allison was the 'squire who took the acknowledgment of the deed and who so testified.

The court below refused to permit the plaintiff to testify as to his presence on the day the deed was executed to defendant and the condition of his father and everything he said on that occasion in regard to the transaction; [1] or to contradict the testimony of Lizzie Crothers as to the conversation between the defendant and his father. [3]

The court charged in part as follows:

["Now if you believe the testimony of Lizzie Crothers and 'Squire Allison, then your verdict should be for the defendant, because the transaction under those circumstances would be a fair and honest transaction, and regardless of the fact that the land was conveyed at a less value than what it might have brought in the market, that would make no difference.  But the credibility of witnesses, gentlemen, is for you, and in coming to a conclusion upon the case, you must take into consideration all the testimony in the case.  We must say to you as a matter of law, however, that before a deed duly executed, a solemn instrument of this kind which affects a man's title to land, can be set aside, the proof must be clear, precise and indubitable."] [4]

The plaintiff's points and the answers were as follows:

"First. If the jury find from the evidence that on the 22d day of January, 1889, Leman Crothers, the defendant, was acting as the agent and attorney in fact of his father·Samuel J. Crothers in the transaction of all his business, then the burden is upon the defendant, Leman Crothers, to show by clear and satisfactory evidence that this conveyance of the land in dispute to Leman Crothers was made with the full intention on the part of said Samuel J. Crothers of vesting the title to the

land in Leman Crothers for the consideration therein named, and that the whole transaction was fair and honest."

*Answer :* "We answer this point in this way : The simple fact that Leman Crothers had a power of attorney from his father is not of itself sufficient to throw the burden of proof upon the defendant; but if there are suspicious circumstances in this case, proved to your satisfaction, which throw a suspicion of unfairness upon this transaction, then the fiduciary relation of the defendant was such that it throws the burden on him to satisfy you that it was fair, in answer to those suspicious circumstances that may be thus in the first instance satisfactorily proven." [5]

"Second. If the jury find from the evidence that at the time Leman Crothers procured the conveyance of the land in dispute to himself he was acting as agent and attorney in fact of his father Samuel J. Crothers, then the presumption of law is that such transaction is unfair and the burden is upon the defendant to produce in addition to the conveyance of said land clear and satisfactory evidence to show the utmost good faith on his part and full knowledge and understanding on the part of his father of the whole transaction."

*Answer :* "We answer this point in this way : That the simple existence of the power of attorney is not sufficient to require of the defendant proof that this transaction was fair and honest; the deed on its face being regular, the presumption is that the transaction was fair; but you will take into consideration all the circumstances of the case, and if you are satisfied that there have been such facts proven as cast suspicion upon this transaction, then the burden shifts and falls upon the defendant, and he is bound to satisfy you that the transaction was fair, or you must find so from the evidence." [6]

*Errors assigned* were (1–3) rulings on evidence ; (4–6) instructions, as above.

*John D. Braden*, with him *J. M. Braden* and *John W. & A. Donan*, for appellant.—The defendant was not excluded by paragaph (*e*), § 5 of the act of May 23, 1887 : Van Horne v. Clark, 126 Pa. 411. This case is within the spirit and reason of the proviso to said paragraph (*e*), excepting from its operation cases in which the inquiry is devisavit vel non or the like.

If the defendant claimed under a will, the plaintiff would be competent: Bowen v. Goranflo, 73 Pa. 357; Frew v. Clarke, 80 Pa. 170. The conveyance here was testamentary in its object.

The burden of proof was on the defendant: Darlington's Ap., 86 Pa. 519; Yardley v. Cuthbertson, 108 Pa. 456; Worrall's Ap., 110 Pa. 364; Shea's Ap., 121 Pa. 320; Pomeroy's Eq. § 956.

*M. L. A. McCracken*, for appellee.—The thing in controversy was the validity of the deed from the father to the defendant; and the grantor being dead, the grantee was not a competent witness: Parry v. Parry, 130 Pa. 105. The defendant being incompetent, the plaintiff was also incompetent: Duffield v. Hue, 129 Pa. 106; Karns v. Tanner, 66 Pa. 297; Hess v. Gourley, 89 Pa. 195.

If Lizzie Crothers had any interest, it was against the defendant, as she would receive, if the deed were set aside, more than her claim against the defendant.

As to the burden of proof in this case, see Miskey's Ap., 107 Pa. 611; Worrall's Ap., 110 Pa. 364.

OPINION BY MR. JUSTICE McCOLLUM, May 9, 1892:

This is an action of ejectment brought to recover an undivided one seventh of a farm of 220 acres, situate in Buffalo township, Washington county, and the parties to it are sons of Samuel J. Crothers, who once owned the farm, and who died in July, 1889. The appellant claims title to one seventh of it as an heir of Samuel J. Crothers, and the appellee claims title to the whole of it under a deed from him executed and delivered about six months before his death. The appellant contends that, at the time of the execution of this deed, the grantor named therein had not sufficient mental capacity to make it, and that it was obtained from him by means of the fraud and undue influence of the grantee. But the fairness of the transaction and the capacity of the grantor to make the deed are established by the verdict of the jury, and, unless the court committed an error which contributed to this result, the judgment must be affirmed.

The specifications of error invite us to consider whether the appellant and his sister, Lizzie Crothers, are competent wit-

nesses in this issue to testify to matters occurring in the lifetime of their father, and whether the court erred in the instructions with reference to the burden of proof. The nature of the issue sufficiently appears in the foregoing statement of the claims of the contending parties, both of whom rely on and declare they have the title of their father, one by inheritance, and the other by grant. On its face the deed to Leman is regular and effectual to pass the title of the grantor; and it is, until overthrown by proof of his incapacity to make it, or of fraud practiced upon him by the grantee in obtaining it, a complete answer to this action. If it is inoperative by reason of the grantor's want of capacity, or the grantee's fraud, William is entitled, on the admitted facts in the case, to recover.

It is apparent, therefore, that the litigation involves a transaction to which Samuel J. Crothers and his son Leman were parties, and which his son William is now attempting to invalidate. Prima facie the interest of Samuel Crothers in the farm passed by his own formal and properly authenticated act to Leman, who is a party on the record, and whose title thus acquired is the subject in controversy. The interest of William, who is the opposite party on the record, is adverse to this title, and his contention involves a denial of the right of the deceased grantor to transmit it. Is he a competent witness to testify to matters which he alleges in avoidance of his father's deed? An answer to this question is found in King v. Humphreys, 138 Pa. 310. In that case, as in this, the plaintiff claimed title by descent from his deceased father, and his sister, the defendant, claimed under a deed from him. It was alleged there, as it is here, that at the time of the execution of the deed the grantor had not sufficient mental capacity to make it, and that the grantee obtained it from him by fraud and undue influence. It was held that the plaintiff was not a competent witness to matters on which he relied to set aside the deed. We fail to discover error in the admission of Lizzie Crothers as a witness in support of the transaction which is assailed. She was not a party on the record, and she had no interest adverse to any right of the deceased grantor.

Were the instructions in relation to the burden of proof erroneous? The learned judge declined to charge the jury that the power of attorney from Samuel J. Crothers to his son Le-

man created a presumption that the deed was invalid, but he distinctly stated that the presence of any fact or circumstance which cast the slightest suspicion upon the transaction would, in view of the relation existing between the parties, require the appellee to prove that there was no taint of fraud or undue influence in it. We think this instruction was unobjectionable as an answer to the appellant's first and second points, which in effect requested the court to hold that the relation, in itself, was sufficient to put upon the appellee the burden of showing that the transaction was fair and honest. In Worrall's Ap., 110 Pa. 347, the rule on this subject was stated as follows: " There is nothing in the relation of parent and child, or of other near relation, to preclude one from accepting a benefit from the other in the shape of a gift, or of a contract upon more advantageous terms than would have been granted to a stranger ; and the fact that such a gift had been conferred, or contract made, will not warrant an inference that it has been procured by undue influence. Unless there is something suspicious in the circumstances, or the nature and amount of the gift is such that it ought not to have been accepted even if freely tendered, the donee will not be called upon to show that the transaction is in all respects fair and honest, and in no respects tainted by fraud or undue influence." In the case cited, it was held that the nature and amount of the gift, and the suspicious circumstances, taken in connection with the relation existing between the parties, cast upon the grantee the burden of showing the integrity of the transaction. We think that, in the case before us, if the appellant's sole answer to the deed was the power of attorney from the grantor to the grantee, the court would not have been justified in directing a verdict for the plaintiff ; and, if not, the burden of proof was not shifted by the production of that instrument.

The specifications of error are overruled, and the judgment is affirmed.

Cf. Darlington's Est., 147 Pa. 624.