# Reap et al. *v.* Dougher et al., Appellants.

*Ejectment—Tenants in common—Possession by cotenant — Adverse possession—Conflicting evidence—Witnesses—Competency— Acts of May 23, 1887, P. L. 158, Section 5, and June 11, 1891, P. L. 287—Case for jury.*

1. Where a cotenant sets up adverse possession against another cotenant, he must show distinct notice of his changed attitude concerning his occupancy to the other cotenant followed by twenty-one years of actual, hostile possession. The acts or declarations relied upon as showing such changed attitude must be the equivalent of an actual ouster.

2. In an action of ejectment where plaintiffs were entitled to the property claimed by adverse possession, if defendant had not obtained title by possession adverse to plaintiffs, it was admitted that plaintiffs and those under whom they claimed had been in possession from 1868 until 1888 when defendants went into possession. Plaintiffs offered evidence to prove that their possession continued thereafter for a sufficient time to give them title. It appeared that defendant was in possession from the time of his entry for more than twenty-one years, but plaintiffs contended that his

possession was not adverse to theirs. It also appeared that plaintiffs and certain others held as cotenants, that defendant had married one of the cotenants, and plaintiffs contended that the defendant entered on the premises in right of his wife as a tenant in common, not in his own right. Defendant contended that he entered in his own right and that plaintiffs had notice that he claimed in his own right. The evidence was conflicting and the trial judge submitted the case to the jury who found a verdict for plaintiffs upon which judgment was entered. *Held,* no error.

3. In such case defendant and his wife were rendered incompetent by the Act of May 23, 1887, P. L. 158, Section 5, Clause E, to testify to anything occurring prior to the death of the mother of the plaintiffs, who claimed her interest in the property.

4. In such case there is no merit in the contention that the defendant and his wife were made competent to so testify by the Act of June 11, 1891, P. L. 287, relating to the competency of witnesses, where no offer was made to prove by them anything within the purview of that act.

Argued Feb. 25, 1918. Appeal, No. 164, Jan. T., 1917, by defendants, from judgment of C. P. Lackawanna Co., June T., 1913, No. 108, on verdict for plaintiff in case of Mary Reap, Thomas Dougherty, Thomas Ruane, Mary Grace Ruane and Hazel Ruane, by their next friend and Guardian, James Mullen, v. Catherine Dougher and Michael J. Dougher. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and WALLING, JJ. Affirmed.

Ejectment.

The facts appear from the following opinion by TERRY, P. J., specially presiding, sur defendants motion for new trial:

In this action of ejectment of the plaintiffs are Mary Reap and Thomas Dougherty, children of Patrick Dougherty, deceased, and Mary Grace Ruane and Hazel Ruane, grandchildren of said decedent, and Thomas Ruane, their father. The defendants, when the case was called for trial, were Catherine Dougher, daughter of said decedent, and her husband, Michael Dougher, and also Leonard Loftus and Annie Loftus, grandchildren of said decedent, by their father and guardian ad litem,

Henry Loftus.   However, early in the trial, it appearing that there had been no service upon any of the Loftus family, they were all eliminated and the case, by agreement, proceeded against Catherine Dougher and her husband, Michael J. Dougher, only, as defendants.

Title out of the Commonwealth was admitted.   Plaintiffs' amended abstract showed that they claimed title to the land in controversy by adverse possession—that of their deceased ancestor, Patrick Dougherty, from 1868 until his death in 1879, and thereafter such possession continued by his widow and his children for a period more than long enough, added to that of the deceased, to ripen into title by continuous adverse possession—for more than twenty-one years.

The defendant, Michael J. Dougher, denied the right of possession asserted by the plaintiffs, and averred title in himself by his own adverse possession for more than twenty-one years preceding the suit.   His wife, disclaiming title herself, set up that of her husband, as alleged by him.

Upon the trial it appeared, without contradiction, that Patrick Dougherty, the father, went into the exclusive and adverse possession of the land in 1868, and lived upon it, improving it and exercising acts of ownership thereon, until his death, intestate, in 1879.   His widow and some of his children continued their residence on the property until the widow's death, in 1901.   There was also testimony by Thomas Ruane, one of the plaintiffs, that he and his wife Winifred—daughter of Patrick Dougherty—had possession of a house on the land from 1904 until her death, in 1909.

Michael J. Dougher went upon the land in 1888, and he claimed he had since had adverse possession thereof. However, as he was, at the time of such entry, married to Catherine Dougherty, it became a question of fact whether he entered by virtue of her tenancy in common with her brother and sisters, or adversely to them.   Of course, if his entry on the premises was in his wife's

right as tenant in common he could not gain title by adverse possession without first giving distinct notice to the other heirs of his changed attitude concerning his occupancy, and that thenceforth he would claim possession in his own right; and then it was incumbent on him to show actual, hostile possession for twenty-one years following such notice: Cannon v. Jackson, 252 Pa. 257, and cases therein cited. And the acts or declarations relied upon as showing such changed attitude must be the equivalent of an actual ouster: Johns v. Johns, 244 Pa. 48.

The issue being as stated, testimony was adduced accordingly, pro and con, by plaintiffs and defendants, and it devolved upon the jury to determine by their verdict the controverted questions. Certainly the court could not ignore such dispute and assume the decision of the case as a matter of law.

We need not discuss seriatim the reasons for a new trial complaining of alleged errors in the charge to the jury, including answers to points, upon the phase of the tenancy in common of the children and heirs of Patrick Dougherty, and involving the nature of the entry of Michael J. Dougher, etc. All such complaints—and they are the principal ones urged—we think are in disregard of the well established rules, (1) that the possession of one tenant in common inures to the benefit of all of them, and (2) the one we have adverted to—that when one such tenant sets up adverse possession against his cotenants he must show that at the inception of such claim he gave them clear notice thereof. We did not, however, confine the jury to this view of the case, but distinctly instructed them that if Dougher entered under a claim for himself, in hostility to the heirs, he interrupted the continuity of their possession, preventing a recovery by them; and that if Dougher entered adversely the question of tenancy in common had nothing to do with his rights.

When Mary Reap, one of the plaintiffs, was called to

the witness-stand defendants' counsel objected to her competency to testify to anything occurring in the lifetime of Mrs. Loftus. After some argument an agreement was placed of record eliminating the Loftus defendants, whereupon the objection was overruled. No other objection was interposed nor was there afterwards, by reason of developments of the trial, any motion to strike out Mrs. Reap's testimony. No further contention has been made that she was an incompetent witness, and the question is not raised upon this rule.

It is, however, contended by defendant's counsel that we erred in holding that Mr. and Mrs. Dougher were incompetent to testify to anything occurring in the lifetime of Winifred Ruane, nee Dougherty, now deceased, her children being parties plaintiff and claiming her interest in the property. Of course, if Mr. Dougher was incompetent for such reason his wife was also: Bitner v. Boone, 128 Pa. 567; Burke v. Burke, 240 Pa. 379.

It seemed to us upon the trial, and we are of that opinion still, that under clause E of Section 5 of the Act of May 23, 1887, P. L. 158, Michael J. Dougher was incompetent, upon the state of the record and the facts mentioned, to testify to anything that occurred prior to the death of Winifred Ruane, his interest clearly being adverse to that of Mrs. Ruane, and her right in the subject in controversy having passed by the act of the law to her children, who are parties—and that is what we held. See generally: Duffield v. Hue, 129 Pa. 94; Sutherland v. Ross, 140 Pa. 379; Crothers v. Crothers, 149 Pa. 201; Paschall v. Fels, 207 Pa. 71; Burke v. Burke, 240 Pa. 379. Counsel for defendants in their brief, invoke the Act of June 11, 1891, P. L. 287, to sustain their contention that the Doughers were competent witnesses. The answer to this is, that no offer was made to prove by them anything within the purview of that statute. If counsel meant to rely on that act they should have so stated and specified what it was they intended to prove, permitted by its provisions.

Opinion of Court below—Opinion of the Court. [261 Pa.

·In·regard to the complaint of the rejection of an offer of the record of a prior ejectment suit by a stranger to this case against Mary Dougherty, widow of the said Patrick Dougherty, it is sufficient to say that the latter's children, who are parties here, were not made parties thereto. Besides, while the record was not produced, we understood it did not show that the possession of said children was disturbed.

We have given due consideration to the argument of counsel for defendants, and to the authorities cited by them, but have not been convinced we committed any error justifying another trial. We think the case was properly tried and fairly submitted to the jury, and that their verdict should not be set aside.

Verdict for plaintiffs and judgment thereon. Defendants appealed.

*Errors assigned,* among others, were charge of the court and various rulings on evidence.

*W. W. Watson,* with him *W. S. Diehl* and *Albert L. Watson,* for appellants.

*P. L. Walsh,* for appellee.

PER CURIAM, March 18, 1918:

The judgment in this case is affirmed on the opinion of the learned judge below, specially presiding, overruling defendants' motion for a new trial.