# Fiscus, Appellant, *v.* Fiscus.

*Deed—Parent and child—Conveyance for support—Mental capacity of grantor—Confidential relation—Burden of proof—Evidence—Party dead.*

1. Where aged parents convey land, under an agreement for support and burial, to an unmarried daughter, who had lived with and cared for her parents during a period of years after her brother and two unmarried sisters had left the common home, and the daughter fulfills her agreement, the burden of proof, in the absence of evidence of fraud, is not on her, after the parents' death, to show that she did not secure the deed by undue influence, or at a time when the grantors were mentally incapable.

2. Where a brother, after the death of his father and mother, files a bill in equity against a sister for the cancellation of a deed given by his parents to the sister in their lifetime, the brother is an incompetent witness, as to matters occurring in the lifetime of the parents.

Argued October 24, 1921. Appeal, No. 84, Oct. T., 1921, by plaintiff, from decree of C. P. Armstrong Co., Dec. T., 1916, No. 122, dismissing bill in equity, in·case of A. B. Fiscus v. Agnes Fiscus. Before MOSCHZISKER, C. J., FRAZER, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity to rescind a deed. Before BOUTON, J., specially presiding.

The opinion of the Supreme Court states the facts.

Bill dismissed. Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting it.

*C. E. Harrington* and *H. A. Heilman,* for appellant.

*E. O. Golden* and *Harry C. Golden,* for appellee, were not heard.

PER CURIAM, January 3, 1922:

James Fiscus and wife, by deed dated September 25, 1909, and recorded four days later, conveyed a farm, valued at about $10,000, to an unmarried daughter, Agnes Fiscus, the named consideration being $1. By written contract, executed at the same time, the grantee agreed to support her father and mother on the conveyed premises during their natural lives, and, after their respective deaths, to give each of them a suitable burial, to pay any doctor bills or other expenses connected with their maintenance and last illness, and to make certain payments amounting to $810 to other children and grandchildren of grantors. James Fiscus was eighty-two and his wife eighty years old at the date of the deed; subsequently they died, the former on June 17, 1915. After this, although the deed in question had been on record for some years and there was evidence to show that the present complainant had actual as well as constructive knowledge of its existence, A. B. Fiscus, a son of grantors, filed a bill in equity against his sister Agnes, alleging mental incapacity on the part of the father at the execution of the deed, also that the conveyance had been procured by undue influence and fraud. After hearing, on answer and proofs, the bill was dismissed. Plaintiff has appealed.

The chancellor found, inter alia, that plaintiff had "failed to establish, by sufficient evidence, or a fair preponderance of evidence, any of the material averments in the bill"; and concluded that "the deed in question,— being the voluntary act of the grantor, who, at the time of the execution thereof, was mentally capable of under-

standing his act [and the instrument having been] executed without fraud, accident or mistake, coercion or undue influence on the part of the grantee or any one else, upon promises of a valuable consideration, which [promises] were duly kept and performed [by the grantee, so far as the parties concerned permitted]—will not be disturbed in this proceeding."

It is contended that the chancellor erred in assuming that the burden of proof was on appellant; but we see no error in that respect.

In the absence of anything to show that an unfair advantage was taken of her father by defendant, to obtain the deed here sought to be set aside, we agree with the court below that the "confidence and trust" reposed in this child, who lived with and cared for her parents during a period of years after her brother and two unmarried sisters had left the common home, did not create a situation to shift the burden of proof, and that the rule laid down in Carney v. Carney, 196 Pa. 34, prevails (also see Compton v. Hoffman, 265 Pa. 257, 263; Neureuter v. Scheller, 270 Pa. 80, 85) ; nor, under the established rules which guide us in such matters, can we say after reading the testimony, the court below was wrong in the following excerpt from its opinion: "But even if, by reason of the relation of the grantor to the grantee, the burden of proving the righteousness of the transaction rests upon the defendant, that burden has been fairly met and overcome by the evidence which, in our opinion, is entirely sufficient to warrant the conclusion that the transaction was fair, open and above board, without fraud, and that no undue influence was exercised by the grantee or any one else upon the grantor to induce the making of the deed."

As to the complaint that the trial judge declined to permit appellant to give testimony against defendant of matters occurring in the lifetime of their parents, we held, in Campbell v. Brown, 183 Pa. 112, 118, 120, where a sister, after the death of her father, brought suit in

equity against a brother, to set aside a conveyance of property to the latter, which had been made by decedent, that the plaintiff was an incompetent witness. In addition, we may say that, so far as the record indicates, the evidence refused in the present case was merely cumulative.

The assignments disclose no reversible error; they are all overruled.

Decree affirmed at cost of appellant.