Ludwig Rys, Appellant, *v.* Weronika Rys.

Argued April 14, 1930.

Before Trex-
ler, P. J., Keller, Linn, Gawthrop, Cunningham,
Baldrige and Graff, JJ.

*Henry MacDonald,* and with him *Gunnison, Fish, Gifford & Chapin,* for appellant.—To set aside a deed the evidence must be clear, precise and indubitable: Murray et al. v. The N. Y., Lackawanna & Western Railroad Co., 103 Pa. 37; Miller v. Piatt, 33 Pa. Superior Ct. 547.

*Chas. F. Haughney,* for appellee, cited: Heckman v. Heckman, 215 Pa. 208.

OPINION BY TREXLER, P. J., July 10, 1930:

Plaintiff acquired title successively to four properties, all in his own name. When he bought the fifth, the deed was made to him and his wife. It was dated the 28th day of May, 1918. When they sold the property and acquired another on October 30, 1922, the title was again placed in their joint names. The wife was not satisfied with this arrangement and urged him to put the title in her name alone, the reason she gave was that in the event of his death, the children could not molest her if she owned the property. He stated that she nagged him and gave him no peace for about a year and that he finally agreed that if she promised to behave herself and keep peace in the house, he would transfer the title to her, which was accordingly done through an intermediary. The date of this transaction was the 27th day of March, 1923.

When this was accomplished, she, disregarding his request to stay home with the children, left the house that evening and when asked upon her return where she had been, told him that it was none of his business; that if he did not like it, he could pack up his clothes and get out; that she now had him in a corner; that

the property was hers. She left him in September, 1923, returning for a few weeks and then left again. His account of what transpired is fully corroborated by the children who were still at home.

On the 24th of December, 1927, he presented a bill in equity to the court in which he recited the conveyance to the wife and the acts on her part which led up to the conveyance and her subsequent conduct which showed that the obtaining of the deed on her part was a scheme to get rid of him and to relieve her of the duties which she owed to him and their children and prayed that the deed to the intermediary and the deed from him to Weronika Rys, the wife, be declared fraudulent and void as against the said Ludwig Rys and that they be cancelled on the record. There was a mortgage on the property in question which was foreclosed and the property sold. There was a balance from the sale in the hands of the sheriff for distribution. The contest was thus shifted from the land to the proceeds of the sale. The court awarded the entire amount to the husband, Ludwig Rys.

There was sufficient evidence of a clear and precise and indubitable character to sustain a finding of the court that when the deed was given to the wife, there was no valuable consideration passing from her to Ludwig Rys, her husband, neither was there any love and affection moving him to act. The conveyance was procured by fraud and deceit. He was imposed on and coerced to give her the property to escape an intolerable situation and in so doing he relied upon the promise which she made and which was no sooner given when it was broken. If there had been no sale in the meanwhile, the court would have been justified in granting the prayer of the petition and setting aside the deed from these parties to a third party and the deed from the latter to her (see Heckman v. Heckman, 215 Pa. 203) and there is no reason why the court should not distribute the fund realized from the sale

of the property in the same manner as if the above deeds had never been made.

This, however, does not avoid the deeds which were given to Rys and his wife on the 28th day of May, 1918, and on the 30th day of October, 1922, respectively, referred to above. The court did not attempt to set aside these deeds, but disregarded the first and commented on the latter stating, "While it is a fact that Ludwig Rys never owned the property in dispute in his own name but that it was conveyed by Andrew J. Wid and Emma S. Wid to Ludwig Rys and Veronica Rys, his wife, by deed dated October 30th, 1922, nevertheless the property that was sold to acquire money to buy this property belonged to Ludwig Rys and it was his money and his effort that procured it all, and equity having attached to part of the transaction between them it attaches to all the transaction from its inception and that inception was the commencement of the annoyance on the part of the wife which was at the time that the title to the original property was in the husband only and continued on down until the day of the trial in court." To this conclusion we cannot agree. We have carefully read the testimony and can find no evidence of any fraud perpetrated on the husband, nor any coercion in the procuring of the deeds which were in the names of the husband and wife. The testimony is not sufficient to set aside the former deeds. That the later deeds were obtained by deceit practised on the husband does not affect the validity of former transactions.

When the first deed was put in their joint names so that the property was held by the entireties, it was presumably valid. It does not require proof of consideration by the wife as between her and her husband when property which he purchases is passed to the joint names of himself and wife. To avoid such a deed, there must be positive proof of fraud or coercion. A consideration is presumed; ordinarily it is

love and affection. It is a very common practise to put the title of land in husband and wife so that there may be survivorship. The only evidence in this case in regard to former deeds is that given by the husband. He states, "The first four properties I had on my own name, and she commenced to bother me and raise the dickens with me that I should have her name on the title to the property the same as mine, so the fifth property when I bought on Pennsylvania avenue, I got her name on the deed the same as mine."

This testimony does not suffice to impeach the validity of either of the former deeds. The wife no doubt did importune the husband to put the property in their joint names, but mere importunity does not render such transaction fraudulent.

The decree of the court goes beyond the prayer of the bill. The relief granted should be consistent with the relief demanded. A specific wrong will not be remedied unless averred in the bill and the decree should be in conformity to the prayer. There are a number of authorities to this effect. We need but refer to Luther v. Luther, 216 Pa. 1; Loughran v. Kummer, 297 Pa. 179; Eddy v. Ashley Boro., 281 Pa. 4; Summers v. Shrylock, 46 Pa. Superior Ct. 231. There were no facts pleaded which would warrant an attack on the conveyance of October 30, 1922. All the court could do under the facts presented was to restore the status quo which made the parties tenants by entireties. Subject to deduction of any amount of any lien existing prior to their acquisition of the property or entered of record jointly against both, the fund must be awarded to both. We cannot deprive either party of the right of survivorship (Milano v. Fayette T. & T. Co., 96 Pa. Superior Ct. 310 and cases there cited). Probably each will be willing to take half, but we cannot compel such action.

The decree of the lower court is amended so as to

read, ''The sheriff is directed to turn over the balance of the money in his hands to Ludwig Rys and Weronika Rys, subject to any deductions for valid liens, in other respects the decree to stand; each party to pay half the costs.