King (et al., Appellant) *v.* Lemmer.

Argued March 27, 1934.   Before Frazer, C. J., Simp-
son, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*Samuel G. Wagner,* with him *George Y. Meyer,* for ap-
pellant.

*John H. Lauer,* for appellee.

OPINION BY MR. JUSTICE KEPHART, April 30, 1934:

John Lemmer transferred money, stocks and bonds from his own name to that of himself and his second wife, to whom he had been happily married for twenty years. After his death his children by his first wife attempted to set aside the transfers because he was mentally incompetent to make them. Two of his daughters were offered as witnesses to testify to matters occurring in their father's lifetime. The court below refused to permit them to do so.

By stipulation it is agreed the sole question before us in this appeal is as to the competency of decedent's two daughters to testify concerning matters which occurred prior to their father's death for the purpose of attacking the title of his transferee. Their competency is challenged under the Act of 1887, P. L. 158, section 5, clause (e), which provides: "(e) Nor, where any party to a thing or contract in action is dead......shall any surviving or remaining party to such thing or contract, or any other person whose interest shall be adverse to the said right of such deceased......, be a competent witness to any matter occurring before the death of said party......"

The test of competency is the *adverse interest* of the witness, not the *adverse testimony:* Edmundson's Est., 259 Pa. 429, 437; Horne & Co. v. Petty, 192 Pa. 32. A witness is not incompetent who has no adverse interest, nor is he incompetent if his testimony is favorable to the interest of the deceased: Gerz v. Weber, 151 Pa. 396; Rine v. Hall, 187 Pa. 264. See Crosetti's Est., 211 Pa. 490.

Appellants contend that as the transfers were obtained by undue influence and deceased was without mental capacity to make them, there existed in the father a right to have the property returned or to avoid the transactions. This right, upon his death, passed to

his personal representative, the executor. Therefore, the interest of the daughters was in support of or favorable to that which decedent possessed.

Appellants have failed to carefully analyze the problem. The transfer by decedent was, prima facie, a valid gift to his wife. To avoid it, the burden was on the party contesting to show, by positive proof, fraud or coercion. A consideration is presumed: Katz v. Katz, 309 Pa. 115; Gassner v. Gassner, 280 Pa. 313; Ludwig Rys. v. Weronika, 99 Pa. Superior Ct. 339. By decedent's own act the property passed to his wife, a party on the record. The daughters, in opposing this transfer, are opposite parties on the record. The issue involved is the right or capacity of the decedent to transfer or make a gift of this property. The daughters deny that he had either that right or capacity. The transfer being prima facie valid, both right and capacity are presumed to exist. Appellants to succeed must first strike down this prima facie case. In doing so the interest of appellants of necessity must be adverse to that of decedent.

A situation like this one was involved in Crothers v. Crothers, 149 Pa. 201. Therein a father, Samuel Crothers, transferred a farm to his son Leman and thereafter died. Another son, William, attempted to invalidate the conveyance, alleging the grantor's lack of mental capacity. This son was held incompetent to matters on which he relied to set aside the deed. We said at page 205: "Prima facie the interest of Samuel Crothers in the farm passed by his own formal and properly authenticated act to Leman, who is a party on the record, and whose title thus acquired is the subject in controversy. The interest of William, who is the opposite party on the record, is adverse to this title, and his contention involves a denial of the right of the deceased grantor to transmit it."

To similar effect are King v. Humphreys, 138 Pa. 310; Campbell v. Brown, 183 Pa. 112, and Fiscus v. Fiscus, 272 Pa. 326.

The decree is affirmed.