## Stevenson's Estate

20

22

*A. S. Longbottom,* of *Byron, Longbottom, Pape & O'Brien,* for exceptant.

*A. Edwin Gilfillan,* contra.

BOLGER, J., June 3, 1938.—Exceptant alleges error in the admission of the testimony of Mary J. Schmidt on the ground of incompetency, and the failure of the auditing judge to award the proceeds of the shares of building and loan association stock, or at least one half of them, to exceptant.

Mary J. Schmidt as an heir was an adverse witness: King et al. v. Lemmer, 315 Pa. 254. This appears to have been conceded. However, her incompetency is alleged to have been cured by reason of her having assigned her interest in the estate to her aunt. This act alone did not remove the bar to her testifying. The burden remained with her to dissipate the suspicion that the motive of the assignment was the removing of the disqualification, that it was not in good faith, in the ordinary course of business: Swaney's Estate, 94 Pa. Superior Ct. 216. That the suspicion may be real is indicated by the facts that the assignment (which is filed of record) is dated October 25, 1937, while the inventory disclosing exceptant's position was filed August 26, 1937. She was not examined on this score and therefore did not qualify. However, whatever comfort may be thus obtained by the exceptant is of no real value because the witness' evidence was inconsequential; whatever error was involved in accepting her testimony was harmless: Liggett's Petition, 291 Pa. 109. The learned auditing judge, as we read the adjudication, decided the claim without regard to it. Certainly no other conclusion could have been reached under the facts.

On the substantive question the learned auditing judge has correctly found the facts and the conclusions to be drawn from them, and so clearly expounded the law with the sustaining authorities, it is difficult profitably to add anything. We must, however, dispose of a point insisted upon by exceptant: That once Miss Stevenson had assigned the stock to herself and to claimant, claimant thereby acquired a vested interest in common in the

stock which could not be divested without his consent. His difficulty therein is the same as it was throughout his case, namely, the lack of competent affirmative evidence to indicate an intention on the part of Miss Stevenson to vest in him a present joint beneficial interest in the fund: Wilbur Trust Co. v. Knadler et al., 322 Pa. 17.

The exceptions are dismissed and the adjudication is confirmed absolutely.