Long, Appellant, v. Long.

Argued March 23, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Frank R. Bolte,* for appellant.

*John E. Evans, Sr.,* with him *Cyril F. Ruffennach* and *Evans, Ivory & Evans,* for appellee.

OPINION BY MR. JUSTICE DREW, April 20, 1949:

Merle D. Long, plaintiff, sought to establish an unrecorded declaration of trust from his father, now deceased, to himself, of certain real estate in Bethel Township, Allegheny County. In support of this claim, plaintiff produced a carbon copy of the purported declaration on which were carbon copies of the signatures of the father and mother but in a different color carbon than the body of the instrument. This bill in equity was filed to have plaintiff's brother, Robert N. Long, defendant,

declared constructive trustee of that land alleging that a conveyance from the father to defendant was without consideration and in violation of that trust agreement. After testimony was taken, the learned chancellor found that the evidence was insufficient to prove the existence of a trust and accordingly dismissed the bill. That decree was made final by the court en banc and plaintiff brings this appeal.

The following facts were found by the chancellor: In 1920, one Hill and wife conveyed to the father a 13-acre tract in Bethel Township. On another and separate piece of land in the same township the father erected a house and gasoline station during the period from 1920 to 1925. Both properties were conveyed to defendant in 1944 by a properly recorded deed from the father. The consideration recited in that conveyance was $6,500. That amount was not paid in cash but represented the father's evaluation of services rendered by defendant on the father's farm. Thereafter, defendant paid taxes and made improvements on that land amounting to $3,500. Although plaintiff knew of that conveyance and those improvements, he asserted no claim until he brought this suit more than a year after the death of the father.

The copy of the alleged trust agreement upon which this suit was based was dated November 4, 1931, and set forth that plaintiff had paid the purchase price for the 13-acre tract, and, in addition, that the father was giving plaintiff the property upon which the house and gasoline station stood because plaintiff had built those buildings. It further provided that title to those properties would remain in the name of the father as long as he acted as surety on plaintiff's bond as tax collector. A carbon copy of a second agreement, bearing the same date, but signed only by plaintiff, stated that upon the father's death, title would pass to plaintiff.

Plaintiff attempted to testify to the execution of the trust agreement but the chancellor ruled that under the

Act of May 23, 1887, P. L. 158, Section 5, Clause (e),[1] plaintiff was an incompetent witness as to all matters occurring during the lifetime of the father. With that evidence eliminated, the sole proof of execution was the testimony of two witnesses that the signature on the copy of the agreement was a carbon copy of the father's signature. The learned court below held that such evidence was insufficient to establish the execution of the agreement. We are in full accord with those rulings.

It is self evident that a person challenging a prima facie valid title of a grantee by attempting to negate the grantor's right to make such conveyance is asserting an interest adverse to the grantor. and, if the grantor is dead, the Act of 1887 renders the challenger incompetent to testify in such action as to any matters occurring prior to the grantor's death: *King v. Lemmer,* 315 Pa. 254, 173 A. 176; *Fiscus v. Fiscus,* 272 Pa. 326, 116 A. 293; *Crothers v. Crothers,* 149 Pa. 201, 24 A. 190. Such is the case here. The properly executed and recorded deed from the father to defendant was prima facie valid. Since the father is dead, plaintiff was not a competent witness and his testimony was properly excluded.

We cannot accept plaintiff's contention that the carbon copy is a duplicate original and admissible solely upon proof of the father's handwriting. We said in *Brenner v. Lesher,* 332 Pa. 522, 526, 2 A. 2d 731: "Where several duplicates of a written statement are made, by the same mechanical operation, the first impression and all others may be regarded as duplicate originals . . . when duly signed and delivered, if delivery was necessary, *when competent proof is made of its execution and de-*

---

[1] That Act provides: "Nor, where any party to a thing or contract . . . is dead . . . and his right thereto or therein has passed . . . to a party on the record, who represents his interest in the subject in controversy, shall . . . any other person whose interest shall be adverse to the said right of such deceased . . . party, be a competent witness to any matter occurring before the death of said party . . ."

*livery.*" (Italics added). A carbon copy of an instrument *actually* signed by the parties is admissible as an original: *Cole v. Ellwood Power Co.*, 216 Pa. 283, 65 A. 678. In the instant case, however, plaintiff, having the burden of proof, presented a copy of an alleged agreement bearing not the *actual* signature of the father but a carbon copy and that in a different color carbon than the body of the document. Such a paper cannot be accepted as an original instrument to create a trust of the land in question merely on the evidence that the name signed was a carbon copy of the father's signature. It is impossible to say what paper was above the carbon when that signature was signed.

The evidence was clearly insufficient to prove that the father actually executed that agreement, or that plaintiff had any other claim to the property. There were no witnesses who saw the agreement executed and although there were eight children, most of whom were in court, none of them were aware of the existence of any agreement between the father and plaintiff. Therefore, the learned court below properly dismissed the bill. In this view of the case, it is unnecessary to discuss the other grounds upon which the court below based its conclusion.

Decree affirmed. Costs to be paid by plaintiff.