## Lieber et ux., Appellants, *v.* Eurich.

Argued April 15, 1963. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Thomas H. Welsh,* with him *Metz, Cook, Hanna & Kelly,* for appellants.

*Harry J. Schmitt, Jr.,* with him *Eugene J. Reinbold,* and *Beck, McGinnis & Jarvis,* for appellees.

OPINION BY MONTGOMERY, J., June 12, 1963:

This is an appeal from a final decree by Hon. JOHN T. DUFF, JR., in an action commenced in equity for an injunction to prevent trespasses but transferred by stipulation to the law side of the court to determine whether an easement by prescription in appellees' favor over appellants' (plaintiffs below) land had been established. The court found such easement to exist and declared that it was appurtenant to appellees' land.

Appellants contend that error was committed by the trial judge in admitting the testimony of Charles Eurich, one of the parties to the litigation, and of Francis Heberling, an alleged interested witness, because George Harbison and Clarence B. Harbison, appellants' grantors of the property, were deceased at the time of the trial. Eurich testified he had used the easement continuously since 1930 and that it had been in use for over 75 years. Heberling testified Eurich

had used it continuously since 1930 and that it had been used by Albert Ritz, former owner of Eurich's property for many years before that time.

We observe no merit in the objection to the testimony of Heberling. This objection was predicated on the erroneous assumption that appellees were seeking to establish a public easement and that this witness, as a resident of Richland Township, was a person who would have an interest in such an easement. No one contended that this was a public easement and since the lower court found it was a private one, Heberling was clearly a disinterested witness.

We reach a different conclusion as to Eurich. He was a party to the litigation and was asserting a right adverse to the title of Harbisons which had become vested in appellants. Grantees are entitled to the protection of the Act of May 23, 1887, P. L. 158, §5, cl.(e), 28 P.S. 322, if their grantors are deceased. *Long v. Long,* 361 Pa. 598, 65 A. 2d 683; *Detwiler v. Coldren,* 101 Pa. Superior Ct. 189. Claimants to property by adverse possession are incompetent to testify if. the owner or grantor of the property is deceased. *Long v. Long,* supra; *Reap v. Dougher,* 261 Pa. 23, 103 A. 1014; *Detwiler v. Coldren,* supra; *Stroud v. Harper,* 67 Montg. 290, 65 York 164.

Therefore, Eurich should not have been permitted to testify as to any relevant matters occurring before the deaths of appellants' grantors, even though they be independent matters or facts which in no way may be regarded as transactions with, or communications by, the decedents. *Kuhns v. Brugger,* 390 Pa. 331, 135 A. 2d 395; *Weaver v. Welsh,* 325 Pa. 571, 191 A. 3; 41 P.L.E., Witnesses, §71;[1] Trickett, The Law of Wit-

---

[1] In *Mozino v. Canuso,* 384 Pa. 220, 120 A. 2d 300, there is some indication that a witness is incompetent only as to matters which might have been refuted by the decedent had he been living at the time of the trial. However, that case was decided on other

nesses in Pennsylvania, §226; 97 C.J.S., Witnesses, §215(4).

Although there was other testimony to support the decree we cannot say that the testimony of Eurich, erroneously admitted, was not prejudicial.

For this reason alone a new trial must be granted. Therefore, we shall not pass on the other assignments of error.

Decree reversed and a new trial awarded.

grounds, viz., the suit being limited to surviving partners, the deceased partner was no longer an interested party.