Lieber, Appellant, *v.* Eurich.

Argued April 13, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Henry G. Beamer,* with him *Thomas H. Welsh,* and *Metz, Cook, Hanna & Kelly,* for appellant.

*Eugene J. Reinbold,* with him *Robert A. Jarvis,* and *Beck, McGinnis & Jarvis,* for appellee.

OPINION BY MONTGOMERY, J., June 11, 1970:

This is an appeal by the surviving plaintiff, John Lieber,[1] from a judgment entered in favor of the sur-

---

[1] The death of Joan S. Lieber, one of the original plaintiffs, on August 8, 1962, and of Charles Eurich, one of the original defend-

viving defendant, Grace C. Eurich, on a jury verdict returned in her favor. The action originally began with the filing of a complaint in equity seeking an injunction against continuing trespasses on their land, and damages. By stipulation of counsel it was certified to the law side of the court. The first trial, which was held in 1961 before Hon. John T. Duff, Jr., now deceased, who heard the matter without a jury, resulted in an adjudication in favor of the defendants, Charles Eurich and Grace C. Eurich, his wife, but on appeal a new trial was granted. *Lieber v. Eurich,* 201 Pa. Superior Ct. 186, 192 A. 2d 159 (1963).

The original parties were the owners of adjoining properties in Richland Township, Allegheny County, Pennsylvania. The defendants claimed an easement by prescription over plaintiffs' land, the existence of which was denied by plaintiffs.

The only issue presented to us is whether the trial judge erred in excluding the testimony of appellant, John Lieber, under the Dead Man's Act of May 23, 1887, P. L. 158, §5, cl. (e), 28 P.S. §322. To resolve this issue certain undisputed facts must be recited. John and Joan S. Lieber acquired their property in 1946 by deed from Charles and Clarence B. Harbison, who were both deceased at the time of the original trial. Charles and Grace C. Eurich acquired their property from H. L. Cunningham and Lillie Mae Cunningham, his wife, parents of Mrs. Eurich, by deed dated January 21, 1954. Said deed included appurtenances and con-

---

ants, on January 3, 1964, was suggested of record. No motions to amend the caption of the case were made. We have, however considered the case as if the amendment had been allowed and the caption made to read John Lieber v. Grace C. Eurich. This is proper since all claim for damages by plaintiff have been waived and the only issue remaining is whether there exists an easement by prescription which affects only the surviving parties in their enjoyment of their respective properties.

tained a covenant of general warranty. The Eurichs had occupied the property as tenants under leases from Albert Ritz et ux., former owners, and the Cunninghams continuously from 1930 to the time they acquired title from the Cunninghams, and thereafter as owners. Albert Ritz et ux. had been the owners of the property from 1905 to 1932, when they conveyed it to the Cunninghams. Mr. and Mrs. Ritz and Mr. and Mrs. Cunningham, Joan S. Lieber and Charles Eurich were all deceased at the time of this retrial, which began March 14, 1966.

The issue before us centers on the date of the death of Mrs. Cunningham, March 8, 1961, her husband having predeceased her. The question is whether the plaintiff-appellant should have been permitted to testify as to any matters occurring before that date.

In the first appeal we held that it was error for the trial judge to admit the testimony of Charles Eurich relating to matters occurring prior to the death of the Harbisons, the predecessors in title of the Lieber property. The present case is the converse of the first. Here, the predecessors in title to the Eurich property were deceased at the time of the retrial. For that reason the lower court applied the same principle of law that we recited in the first case, i.e., a litigant asserting a right adverse to the interest of a deceased person is barred from testifying as to matters occurring during the lifetime of that person although the deceased's title had vested in the other litigant. In other words, a person challenging a prima facie title of a grantee by attempting to negate the grantor's right to make such conveyance is asserting an interest adverse to the grantor; and if the grantor is dead, the Act of 1887, supra, renders the challenger incompetent to testify in such action as to any matters occurring prior to the grantor's death. *Long v. Long,* 361 Pa. 598, 65 A. 2d 683 (1949).

Appellant seeks to distinguish the present situation from that considered by us in the first appeal by arguing that, (1) Lieber's interest was not adverse to that of the Cunninghams, (2) no right of the Cunninghams passed to the Eurichs by their deed dated January 21, 1954, (3) the Cunninghams were neither material nor relevant witnesses as to any matters occurring between the Eurichs and Lieber, and (4) the Cunninghams were merely a conduit to transfer title from the Ritzes to the Eurichs.

We find none of appellant's arguments meritorious. Appellant's argument that the Cunninghams were merely conduits to accomplish the transfer of the property from Ritz to Eurich is not borne out by the record. Although it is admitted that the Cunninghams never occupied the property during their ownership, same having been occupied by the Eurichs as their tenants, this does not establish the fact that they were not bona fide owners who had the right to occupy it and enjoy any easement appurtenant thereto. Furthermore, all such rights, whatever they may have been, were conveyed to the Eurichs by their deed of general warranty delivered in 1954, which included easements appurtenant to the property. We fail to understand appellant's argument that nothing was conveyed by this deed unless he contends that no easement existed at that time.

Unquestionably the matter in controversy is the easement and if it was fixed and vested at the time of the 1954 conveyance, appellant is seeking to testify adversely to the Cunninghams' interest in it and contesting the right of Mrs. Cunningham, as survivor, to transfer it to the Eurichs. Under such circumstances, he is incompetent to do so. *Long v. Long*, supra; *Lieber v. Eurich*, supra. Had the Cunninghams been alive at the time of the retrial they could have testified in support of their prescriptive easement. But

since their lips were sealed by death, the lips of Lieber were also sealed.

*Mozino v. Canuso,* 384 Pa. 220, 120 A. 2d 300 (1956), relied on by appellant, is not in conflict with our view. In that case, which involved a partnership of which one of the partners was deceased, the action was against the surviving partner. A formal disclaimer of liability in favor of the deceased partner's estate was filed, which was held to remove any interest of that partner or his estate in the matter being litigated, thus rendering the plaintiff, the surviving party to the contract, competent. That clearly distinguishes the two cases.

*A. Palmer v. H. Farrell,* 129 Pa. 162, 18 A. 761 (1889), also cited by appellant, is also distinguishable. In that case the surviving party was called in support of the interest of the decedent, not adversely.

The easement pleaded in this case is one which had its origin fifty years before this suit was instituted in 1959. It was pleaded as an easement which had been fully established by prescription at the date of the deed from Mrs. Cunningham to the Eurichs in 1954. Therefore, the issue before the lower court was whether in fact such easement existed as an appurtenance to the land conveyed by that deed. No claim is made that such easement, if it was in existence, as pleaded, had become abandoned or extinguished. Appellant's only contention is that it never existed and that for a short time in 1947 and 1948 the Eurichs used his land under a permissive grant which was withdrawn. Thus, appellant is challenging the prescriptive right which appellee is claiming had been included in the 1954 deed from Mrs. Cunningham. We conclude that the Act of 1887 renders him incompetent to testify for that purpose. *Lieber v. Eurich,* supra.

Judgment affirmed.